MERCHANTS & MECHANICS SAVINGS BANK OF JANESVILLE v. W. D.
CROSS and Others.[1]

June 17, 1896.

Nos. 9917—(75).

**Negotiable Instrument—Indorsement—Bona Fide Purchaser—Expert.
Testimony.**

The note in suit was indorsed without recourse, and transferred for value
before maturity. The defendant makers, claiming that they had a defense
to the note, offered to prove that at the time the indorsee purchased it one
of the makers was insolvent, which such indorsee then knew, and to prove
by expert evidence that it is not in the usual course of business to pur-
chase a note under such circumstances. *Held*, such expert evidence was not.
competent.

**Same—G. S. 1894, § 5751.**

Rule applied that under section 5751, G. S. 1894, when the name and style
of the payee ("Reid Bros.") is written on the back of a promissory note, the
possession of the note is prima facie evidence that the signature is genuine.

**Same—Bona Fide Purchaser—Offer of Evidence.**

The plaintiff was permitted in the first instance to prove that it is an in-
nocent purchaser for value before maturity of the note in suit. The defend-
ant makers, without offering or intending to offer proof to rebut the same,
merely offered to prove facts which would constitute a defense to the note
in the hands of the original payee. *Held*, the trial court was justified in re-
fusing the evidence so offered.

Appeal by defendants from an order of the district court for Wil-
kin county, Baxter, J., denying a motion for a new trial. Affirmed.

*Ezra G. Valentine* and *Lyman B. Everdell*, for appellants.

*Mathews & Wood*, for respondent.

CANTY, J. This is an action brought by the plaintiff bank as
indorsee of the following promissory note, signed by all the defend-
ants: "$800.00.    Campbell, Minn., Mch. 27, 1890.    On June 1st,
1892, after date, we promise to pay to Reid Bros., of Janesville, Wis.,
or order, eight hundred dollars, for value received, with interest pay-
able annually at the rate of seven per cent. per annum from date until
fully paid." Defendants, in their answer, admit the making of the

[1] Reported in 67 N. W. 1147.

note, but allege that it was indorsed to plaintiff after maturity, and set up facts which would be a defense against the note in the hands of the original payee. The plaintiff had a verdict, and from an order denying a new trial defendants appeal.

On the trial plaintiff introduced the note and the indorsements thereon in evidence, and also the depositions of three witnesses, which, if not rebutted, show conclusively that plaintiff is an innocent purchaser for value before maturity in the usual course of business. Plaintiff then rested. Thereupon defendants called Hogoboom, one of the defendants, as a witness, and he testified that he formerly lived at Janesville, Wisconsin, the place of business of the plaintiff, and was acquainted with its officers. Thereupon the following proceedings took place: "Q. Mr. Hogoboom, what were your financial circumstances at the time you left Janesville, Wis., to come here? (Objected to. Objection sustained.) (1) Defendant proposes to prove by the evidence of this witness and of Howard Dykman, cashier of the First National Bank of Breckenridge, Minnesota, that it is not in the usual course of banking business to receive and discount paper of the makers whose financial responsibility is unknown, indorsed 'Without recourse.' (Same objection, ruling and exception.) (2) Defendant offers to prove that the indorsement of 'Reid Bros.' upon Ex. A is in the handwriting of Archie Reid, the witness whose deposition has just been read in evidence in this action. (Offer rejected by the court. Exception by defendant.) (3) Defendant offers to introduce evidence concerning the breach of warranty [set up in the answer], which offer was rejected by the court, and defendant excepted. Defendants then rested." The court then ordered a verdict for plaintiff.

1. As to the first offer of proof, it is only necessary to say that we are of the opinion that what transactions are and what are not in the usual course of business is ordinarily a question of law for the court or of fact for the jury, and not a question for expert evidence.

2. As to the second offer of proof it is only necessary to say that, the name of the payee, "Reid Bros.," appearing on the back of the note, the presumption is that it was signed by the payees, whoever they were. G. S. 1894, § 5751. Archie Reid, in his deposition, referred to in the offer, did not state whether he was a member of the firm of Reid Bros. or not. He simply stated that he attended to their

financial affairs, and sold the note in question for a specified sum of money to the parties through whom plaintiff claims, and further than this he did not state that he had authority to indorse the name "Reid Bros." on the note. Defendants did not offer to show that Archie Reid was not a member of the firm of Reid Bros., and that he had no authority to indorse their name to the note. The offer did not go far enough, and was, therefore, immaterial.

3. As to the third offer, the evidence would have been competent if plaintiff had merely introduced in evidence the note with the indorsements thereon, and then rested. The defendants would then have been entitled to introduce in evidence their defense to the note, and that would have thrown on plaintiff the burden of showing that it was an innocent purchaser for value before maturity, in the usual course of business. But it assumed this burden in the first instance, and made so strong a showing that the defense interposed to the note would not have been available unless this showing was rebutted, which defendants did not offer to do, and it is to be inferred from their course of procedure that they did not intend to attempt to rebut it. Then the court was justified in refusing to receive evidence which, under the circumstances, would merely prolong the trial, and avail the defendants nothing.

The order appealed from is affirmed.