# L. S. ROSENSTEIN v. M. BERMAN.[1]

December 15, 1911.

Nos. 17,248—(119).

**Negotiable instrument — good faith of indorsee.**

Where the indorsee of negotiable paper, on the trial of an action to recover thereon and as a part of his case in chief, affirmatively establishes by competent evidence the bona fides of his ownership, evidence on the part of defendant merely showing a failure of consideration, unaccompanied by evidence of bad faith on the part of the indorsee in acquiring title to the paper, *held* properly excluded. Merchants & M. S. Bank v. Cross, 65 Minn. 154, followed.

**Written instrument in evidence — indorsements thereon.**

When a written instrument is offered and received in evidence, and the indorsements thereon are treated by the trial court as having also been received, the fact that the record does not affirmatively show that the indorsements were formally mentioned in connection with the offer of the instrument will not justify this court in rejecting them, as not in evidence.

Action in the municipal court of Minneapolis against D. J. Gillman and M. Berman to recover $35 upon a check. The reply was a general denial. The case was tried before Charles L. Smith, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff. From the judgment entered pursuant to the verdict, defendant Berman appealed. Affirmed.

*A. C. Middlestadt,* for appellant.

*Jonas Weil,* for respondent.

BROWN, J.

The facts in this case are that on March 31, 1911, defendant Berman issued and delivered to defendant Gillman his negotiable check upon the Central State Bank of Minneapolis for the sum of $35. On the following day Gillman indorsed and transferred the

[1] Reported in 133 N. W. 792.

check to plaintiff. The drawee bank, when subsequently presented, refused to pay the check; payment thereof having been stopped by Berman. Plaintiff then brought this action to recover upon the check. The defense interposed by Berman was, in substance and effect, that the consideration for the check had failed; that the check was delivered to Gillman in part performance of a real estate transaction between those parties, which transaction Gillman refused subsequently to complete and carry out; hence a failure of consideration for the check. The cause was tried below without a jury. The trial court made findings of fact and conclusions of law, ordering judgment for plaintiff. The judgment was subsequently entered, and defendant Berman appealed.

At the trial plaintiff offered the check in evidence, and further evidence establishing the bona fides of his ownership thereof, which, in the absence of evidence tending to show bad faith, entitled him to judgment. Defendant offered to show the failure of consideration alleged in his answer, and the court, on plaintiff's objection, excluded it.

There was no error in this ruling. In view of the fact that plaintiff had established the bona fides of his ownership of the check, prima facie at least, the defense of failure of consideration was not admissible, except in connection with evidence tending to contradict plaintiff's evidence of good faith. No such evidence was tendered by defendant, and the ruling of the court was correct. Merchants & M. S. Bank v. Cross, 65 Minn. 154, 67 N. W. 1147.

The other points made by counsel do not require special mention. Ordinary bank checks are negotiable, and the contention that such instruments become past due the moment delivered to the payee, and therefore subject to defenses, whether in the hands of innocent holders or not, is not sound. 1 Dunnell, Minn. Dig. § 981; Estes v. Lovering Shoe Co. 59 Minn. 504, 61 N. W. 674, 50 Am. St. 424. The check, with the indorsements thereon, was treated as in evidence by the trial court, and the fact that the record does not affirmatively show that the indorsements were formally mentioned when the check was offered will not justify this court in rejecting them, as not in evidence.

This covers all that it is necessary to say, and the judgment appealed from is affirmed.