WM. H. BURGHART v. GEORGE SAUSELE.[1]

November 12, 1926.

No. 25,546.

**When maker of note is required to show bad faith of holder before proving his defense.**

1. It is only where the holder of a promissory note has proven affirmatively that he was a holder in due course that the maker is required to show bad faith on the part of the holder before proving a defense to it.

**When plaintiff cannot rely on defendant's allegation to prove a fact alleged.**

2. An allegation in the answer denied in the reply cannot be relied upon by plaintiff as establishing the fact alleged.

**Defendant entitled to prove note was acquired after maturity without consideration.**

3. Defendant was entitled to prove that plaintiff acquired the note after maturity and that neither he nor the payee gave any consideration for it.

[1]Reported in 210 N. W. 869.

Bills and Notes, 8 C. J. p. 988 n. 96; p. 989 n. 97, 2; p. 990 n. 3; p. 1022 n. 38; 41 New; p. 1025 n. 76.
Pleading, 31 Cyc. p. 48 n. 53; p. 87 n. 61.

Defendant appealed from an order denying his motion for a new trial after a directed verdict in favor of plaintiff, Baker, J., in an action in the district court for Renville county on a promissory note. Reversed.

*L. J. Lauerman* and *Daly & Barnard*, for appellant.

*Murray & Baker*, for respondent.

TAYLOR, C.

Appeal by defendant from an order denying a new trial after a directed verdict for plaintiff.

The action is on a promissory note executed by defendant to the Farmers State Bank of Olivia, and alleged in the complaint to have been sold and assigned to plaintiff for value "prior to the commencement of this action."

The answer alleged that plaintiff and C. A. Kuske, president of the bank, were agents for the sale of lands in northern Michigan owned by one Jordan; that they proposed an exchange of a quarter section of the Michigan land for a quarter section of land owned by defendant in Renville county; that defendant accompanied them to Michigan to examine the Michigan land and thereafter entered into a contract for the exchange; that defendant executed the note in controversy for Kuske's commission on the trade and delivered it to him upon the condition that it would be returned if the exchange was not consummated; that the land shown him was not the land to be conveyed to him; that upon discovering this fact he repudiated the transaction and annulled the contract; and that plaintiff took the note knowing there was no consideration for it, paid no consideration for it and was not a holder in due course. The reply was a general denial.

At the trial plaintiff put the note in evidence, testified that he owned it and rested. He offered no evidence to show that he had

acquired it before maturity or for value or without notice of the defense to it.

Defendant testified that plaintiff and C. A. Kuske, president of the bank, stated to him that they were agents for the sale of Michigan lands owned by Jordan and proposed an exchange of 160 acres of that land for defendant's equity in 160 acres of land in Renville county; that at their instance he joined a party which went with them to Michigan to see the Michigan land; that the members of the party were taken in automobiles to certain land; that while on the land he was informed by plaintiff and Kuske that the land being examined was for other parties and that the land which would be conveyed to him was about a mile and a half farther on. He further testified that after returning to Renville county he had a conversation with Kuske concerning the proposed exchange. He was asked to state what Kuske said in this conversation, to which plaintiff objected, saying, "before they can show fraud or a conversation had between Kuske or anybody else, not the plaintiff in this action, any attempt to show fraud, they have got to directly connect up the plaintiff with it, they have got * * * to show he had knowledge of it before it is admissible in evidence."

The objection was sustained. Thereupon defendant offered to prove that Kuske stated that the trade defendant had offered had not been accepted; that if defendant would execute his note to the bank for a commission it would be returned to him if the deal was not consummated; that about a month later defendant was informed that he had not seen nor been within many miles of the land he was to receive; that thereupon he notified Kuske that he would not make the trade and demanded the return of his note; that Kuske promised to return it; that when the note became due the bank notified him that the bank was the holder of the note; that defendant informed the bank of the facts above stated and that he had received nothing for the note and would not pay it, and that Kuske had the entire management of the affairs of the bank. He further offered to prove that the note was not transferred until after maturity and that neither the bank nor plaintiff paid any

consideration for it. Plaintiff objected to the reception of the proffered evidence and the court excluded it.

Plaintiff's objection to the testimony of defendant was untenable for the rule he invoked applies only where the plaintiff at the outset assumes the burden of proof and presents evidence which until controverted establishes that he is a holder in due course, as was done in Merchants & M. Sav. Bank v. Cross, 65 Minn. 154, 67 N. W. 1147; First Nat. Bank v. Busch, 102 Minn. 365, 113 N. W. 898; Rosenstein v. Berman, 116 Minn. 231, 133 N. W. 792; Kipp v. Welsh, 141 Minn. 291, 170 N. W. 222; First Nat. Bank v. Malmquist, 158 Minn. 140, 197 N. W. 271. Plaintiff not only offered no evidence to show that he was a holder in due course, but did not even claim in his complaint that he acquired the note before maturity.

The proposed exchange was never consummated, and there is no evidence that the parties ever came to an agreement in respect to it. Although the answer alleged that a contract had been entered into, plaintiff having denied it in his reply cannot rely upon that allegation as showing that a contract existed. Mosness v. German-Am. Ins. Co. 50 Minn. 341, 52 N. W. 932; Goldman v. Weisman, 123 Minn. 370, 143 N. W. 983; Abramovitz v. National Council K. & L. of S. 134 Minn. 302, 159 N. W. 624. The only thing in the nature of evidence bearing upon the question of the existence of a contract is the offer of defendant to prove that Kuske informed him that his offer had not been accepted. Consequently there was no consideration for the note, a fact apparently undisputed.

Although defendant failed to prove the fraud alleged as he admitted that he was informed that the land examined was not the land to be conveyed to him, yet the fact that there was no consideration for the note was a defense to it except against a holder in due course. He offered to prove affirmatively that the note was not transferred until after maturity and that neither the bank nor plaintiff gave any consideration for it. If he established these facts he had a complete defense to the note, and he should have been permitted to prove them if he could.

Order reversed.