DAVIS, ET AL. v. MINNESOTA BAPTIST CONVENTION OF MINNEAPOLIS, MINN.

(No. 1756; Nov. 21, 1932; 16 Pac. (2d) 48)

The cause was submitted for the plaintiffs in error on the brief of *Lee & Lee,* of Cheyenne, Wyoming.

150

The cause was submitted for defendants in error on the brief of *Charles E. Lane,* of Cheyenne, Wyoming.

RINER, Justice.

This cause is here on proceedings in error to review a judgment of the District Court of Laramie County. The action was brought in that court by Louis G. Davis and Merle Henneberry, as plaintiffs, against Minnesota Baptist Convention of Minneapolis, Minnesota, a corporation, and Barnes Brothers, Incorporated, a corporation, as defendants. The parties will hereinafter be referred to as aligned in the court below or by their respective names.

The plaintiffs' petition was in the usual form in a suit to quiet title, alleging their fee simple ownership and actual possession of some 320 acres of land in Laramie County and that the defendants aforesaid claim some right, title or interest therein adversely to plaintiffs, but that any such right, title or interest is inferior to plaintiffs' title.

The defendant Barnes Brothers, Incorporated, filed a separate answer denying generally the title alleged in said petition and also each of its allegations not admitted therein. This answer thereupon set forth that this defendant had assigned its interest in a certain described mortgage given it by Joe Henneberry and Julia Henneberry to the Minnesota Baptist Convention of Minneapolis, Minnesota; that, as such assignor, it had no interest in the litigation and requested that the suit be dismissed as to it.

The defendant Minnesota Baptist Convention of Minneapolis, Minnesota, also filed its separate answer in which it denied both the title alleged in said petition and each of the allegations of that pleading which were not by said answer admitted. This answer admitted that this defendant claimed an interest in the premises aforesaid, but denied that such interest was inferior to plaintiffs' title. It then alleged in substance that on March 20, 1920, Joe Henneberry and Julia Henneberry, his wife, executed and delivered to Barnes Brothers, Incorporated, a mortgage, duly recorded on March 26, 1920, for $1700, on said land, as security for their promissory note of even date for that amount, copies of the mortgage and note being attached to and made a part of the answer; that on September 8, 1920, for a consideration of $1700, the mortgagee aforesaid assigned said note and mortgage to this defendant, said assignment being duly recorded on September 27, 1920; that on or about July 7, 1923, the Treasurer of Laramie County, Wyoming, sold said lands for the 1922 taxes to one J. E. Nash, certificate of sale being by the latter assigned to one F. A. Heckel on April 28, 1927, who, on September 3, 1927 obtained a tax deed from said Treasurer, duly recorded on September 6, 1927, its consideration being $34.00; that on or about September 26, 1927, Heckel and wife by deed quitclaimed said land to Louis G. Davis and Merle Henneberry, said instrument being recorded October 7, 1927, and reciting a consideration of $1.00 and other valuable considerations; that on July 25, 1929, the said Treasurer sold the

lands to one J. R. Wilkinson for the delinquent taxes of 1928 and issued to him a certificate of sale; and that the mortgage aforesaid is a good and subsisting lien against said lands, the same being neither cancelled nor satisfied, the said plaintiffs holding the land under said quitclaim deed and having only a "perpetual lien on said lands inferior and subject to" said mortgage.

In connection with its answer, the Minnesota Baptist Convention of Minneapolis, Minnesota, filed a cross-petition asking that Joe Henneberry and Julia Henneberry be made parties to the action, that a judgment be rendered against them for the amount due on the note above mentioned, and that the mortgage held by this defendant be foreclosed and the property sold to make the amount of the debt.

Plaintiffs replied to the answer of the Barnes Brothers, Incorporated, alleging that it "is the holder of a commission mortgage on the property described in plaintiffs' petition herein and that said mortgage is subject and inferior to plaintiffs' claim of title as set forth in said petition," and to the separate answer and cross-petition of the Minnesota Baptist Convention of Minneapolis, Minnesota, denying "each and every allegation in said answer and cross-petition contained."

The District Court thereafter, upon hearing had, by its order denied the cross-petition aforesaid to have Joseph Henneberry and Julia Henneberry made parties to the suit.

The cause was tried to the court without a jury and on written request the court made and filed its findings of fact and conclusions of law. The findings of fact in substance set forth the execution, delivery and assignment of the note and mortgage as pleaded in the answer of the Minnesota Baptist Convention of Minneapolis, Minnesota, as aforesaid, that the latter is the owner of same, that the mortgage is unsatisfied, no interest having been paid on the note it secured except for the first year, and that the mortgage and its assignment are each duly recorded as pleaded. The findings also detail the several procedural steps offered in evi-

dence by plaintiffs to show that the tax deed aforesaid obtained by Heckel and the title thereunder undertaken to be transferred by him and his wife to plaintiffs was valid and also that on October 15, 1928, Joseph Henneberry and Julia Henneberry, the father and mother of Merle Henneberry, one of the plaintiffs herein, delivered to him and to Louis G. Davis, the other plaintiff, a quitclaim deed to the lands here in question, without any consideration being paid to the father and mother therefor; that plaintiffs were in possession of said lands at the time of the filing of this action and that, at the date of delivery of the Heckel quitclaim deed aforesaid, Merle Henneberry was a minor. The court's conclusions of law were to the effect ''(1) that no valid tax title was proven by plaintiffs,'' (2) that the title obtained by plaintiffs through the deed from Joseph Henneberry and wife ''is subject to the mortgage held by the defendant Minnesota Baptist Convention,'' and (3) that plaintiffs had failed to make a case that would support a judgment against the defendants in this suit to quiet title. The court, accordingly, entered its judgment that plaintiffs take nothing by their action and awarded defendants their costs.

In a suit to quiet title, it is well settled that the plaintiff ordinarily has the burden of proving the facts alleged, on which his right to judgment is grounded, and he must establish that he, himself, ''has a perfect legal or equitable title regardless of whether defendant's title is valid or invalid, since plaintiff must recover on the strength of his own title and not on the weakness of his adversary's.'' 51 C. J. 247-8 and cases cited; 5 R. C. L. 675, § 48; Rue v. Merrill, 42 Wyo. 511, 526, 297 Pac. 379.

It is also clear that, in the absence of a statute changing the rule, when a plaintiff in such a suit relies upon a tax deed to establish a perfect title in himself, ''the validity of a tax-sale will not be presumed from the mere deed of the collector unaccompanied by proof of the prior proceedings and their validity. On the contrary, in the absence of an

enabling statute, the burden is upon any person who claims title to land derived from a sale thereof for taxes to prove, affirmatively and by proper evidence, that every mandatory provision of the law under which the sale was effected was strictly complied with, that each step in the proceedings, from the assessment of the taxes to the execution of the deed, was formally and regularly taken by the officers or persons legally authorized, and that he or his grantor was the purchaser at the sale." 37 Cyc. 1452 and cases cited. 4 Cooley's Law of Taxation (4th Ed.) 3024, § 1550, and cases cited.

While apparently recognizing these familiar principles of law, it is said for the plaintiffs that, as the defendant Minnesota Baptist Convention of Minneapolis, Minnesota, alleged in its answer that the land in question was sold for taxes, without averring any fact or facts intended to establish the invalidity of the sale it pleaded, it is "conclusively bound by that allegation of a sale" which "means a completed act and a transfer of title" and plaintiffs were thereby relieved of their burden of proof. It is hardly necessary to say that these allegations had nothing whatever to do with a proper pleading of defendant's case.

In 21 R. C. L. 562, § 121, it is stated to be the rule that "a pleader is not, however, concluded beyond the reasonable import of his pleading, especially where averments or denials appear in the answer which are inconsistent with the supposed admission." The answer of the Minnesota Baptist Convention of Minneapolis, Minnesota, denied generally the title alleged in plaintiffs' petition, pleaded the mortgage the defendant relied upon, its title thereto, and specifically claimed the instrument as a "good and subsisting lien against said lands" and that the rights of plaintiffs, under the deed from Heckel and wife to them, were inferior and subject to said mortgage. We are not inclined to think that the "reasonable import" of this defendant's answer should be carried to the length insisted upon by plaintiff. It is far from clear that it was the intention on

the part of the answering defendant to admit in its pleading a valid tax sale and transfer of title. It would seem reasonably plain, too, from the conduct of their case by the plaintiffs on the trial, that they themselves considered that no such admission had been made.

Indeed, prior to trial and in filing their reply to the separate answer under consideration, they denied, as we have seen, "each and every allegation in said answer and cross-petition contained." Upon the trial the attention of the court was not directed to the fact that plaintiffs would and did rely on any claimed admission along the line now asserted. They made no motion for judgment on the pleadings —a result they were entitled to have if their theory as to the full effect of this defendant's admissions was correct. On the contrary, they introduced evidence and apparently undertook to prove the sundry elements of the legal procedure necessary to be taken in order to show a lawful tax sale and a valid tax deed which they were bound to establish in order to succeed in their case, the subsequent conveyance to them by the mortgagors being, in itself, of course, subordinate to the mortgage deed held by the Minnesota Baptist Convention of Minneapolis, Minnesota. In other words, they tried the case without asserting then any claim of admissions in the answer of the defendant last named and endeavored to comply with the rule relating to the manner of proof of a valid tax title, previously mentioned. Under such circumstances, may they now urge their claim of admissions in the answer aforesaid to relieve them of any failure to make the complete proof the rule aforesaid required? We do not think so, under the weight of authority as we find it.

In Caldwell v. Drummond, 127 Ia. 134, 102 N. W. 842, 843, concerning the point in which we are here interested, the court said:

"The appellant contends, however, that there was no issue before the court on the question of homestead rights, because of the admission in the answer. It is now too late

to take advantage of such admission, if it be conceded that it would under other circumstances be conclusive of the defendants' rights under their cross-petition. The cross-petition and the answer thereto, considered without reference to the other pleadings, did in fact present the precise issue tried and determined, and, as we have seen, the trial below proceeded as if no admission had been made. The appellant by his pleadings and by his actions clearly waived the admission; he made no request for a judgment on the pleadings, nor any objections to the introduction of the evidence relating to the issue he had tendered by his answer to the cross-petition, and thereby impliedly consented to try the issue raised by such pleadings, and he cannot now claim that such issue was not in fact presented by them.''

In Standard Motor Co. v. Shockey, 139 Md. 127, 114 Atl. 869, 871, it was said:

''The defendant, in its first prayer, asked the court to direct a verdict in its favor, on the ground that the plaintiff had offered no evidence legally sufficient to entitle him to recover. It is contended that this prayer could not have been granted because the defendant in its affidavit admitted $63.33 to be due the plaintiff. But that contention cannot prevail, for, while under the terms of the act the plaintiff could, before the trial of the case, have taken a judgment for the amount admitted to be due, and have proceeded to trial for the recovery of the amount which was disputed, yet since he failed to do that, but elected to proceed to trial for the recovery of the whole amount claimed by him to be due after joining issue on the defendant's pleas as filed, the defendant at such trial was not bound by the admission in its affidavit, and the burden was upon the plaintiff to establish the claim upon which the suit was brought, as in other cases, as though no such admission had been made.''

So in Mantle v. White, 47 Mont. 234, 132 Pac. 22, 25, the court, replying to a contention similar in character with that now advanced by plaintiffs, remarked:

''It is also suggested in the brief of respondent that there is a sufficient statement in the verified answer of this defendant in the court below to meet the requirements of the

rules for establishing an express trust; but in this respondent overlooks three important facts: (1) If the answer be accepted as establishing a trust, it is a trust for a purpose altogether different from that which the court found was created; (2) the respondent in his reply specifically denied the allegations in the answer, upon which he now relies for assistance; and (3) the trial court found that those allegations in defendant's answer were not true. In the light of these facts it ill becomes respondent to make this suggestion."

Likewise, in Commercial Union Assur. Co., Ltd. v. Gulf Refining Co., 174 S. W. (Tex. Civ. App.) 874, 878, where it was insisted that an unqualified admission in the defendant's answer established the fact admitted as conclusively true and required no further proof on the part of the plaintiff, the court held otherwise, saying:

"It is true that a fact against interest, admitted in a pleading, may be conclusively presumed, and requires no further proof for its establishment; and if plaintiff in this case desired to avail itself of the admission, if, indeed, it is an admission, it rested under no duty of resorting to proof. But it did resort to proof, and proved a state of facts utterly at variance with the facts stated in the answer. Having introduced the proof, it was for the court to say whether the statement in defendant's answer was true, or whether the testimony of plaintiff's witness was true; and having reached the conclusion that the true facts were as shown by the testimony of plaintiff's witness, and not by the statements in the answer, and having so found, the appellant has no right to complain."

On the same subject, the Supreme Court of Minnesota has briefly said in Burghart v. Shausell, 169 Minn. 132, 210 N. W. 869, 870:

"Although the answer alleged that a contract had been entered into, plaintiff, having denied it in his reply, cannot rely upon that allegation as showing that a contract existed. Mosness v. German-American Ins. Co., 50 Minn. 341, 52 N. W. 932; Goldman v. Weisman, 123 Minn. 370, 143 N. W.

983; Abramovitz v. National Council, 134 Minn. 302, 159 N. W. 624.''

See also 49 C. J. 125; Globe Grain Etc. Co. v. Drenth, 41 Cal. App. 604, 183 Pac. 285; Tustin Packing Co. v. Pacific Coast Fruit Auction Co., 21 Cal. App. 274, 131 Pac. 338. The foregoing authorities simply accentuate the rule referred to in State ex rel. Sullivan v. Schnitger, 16 Wyo. 479, 508, 95 Pac. 698, and Williams v. McWhorter, 30 Wyo. 229, 235, 218 Pac. 791, cases cited by plaintiffs, that where a party, by his pleadings, adopts a definite theory of his case and proceeds through trial thereon, he is bound thereby.

Our attention is directed to some statements made in McCague v. Mallin, 25 Wyo. 373, 170 Pac. 763, anent the similarity in some respects existing between the early tax procedural laws of the state of Iowa and some of our own, and it is accordingly urged that the courts of this State should follow the construction placed upon the Iowa law by its courts before its adoption here, it being pointed out that the court of final authority in that state had ruled, both before and after the adoption of our tax laws, that a tax deed ''regular upon its face is conclusive evidence of the fact of a lawful sale.'' The cases of Gould v. Thompson, 45 Ia. 450, and McCready v. Sexton, 29 Ia. 356, 4 Am. Rep. 214, are cited.

The first of the cases mentioned simply followed the path marked out by the earlier McCready v. Sexton decision. There it appeared that the Iowa Legislature had enacted a provision of the revenue law for that state which declared, as stated in the opinion, that the treasurer's tax deed was ''conclusive evidence that all pre-requisites of the law to make a valid sale and vest title in the purchaser were done.'' It was held that the legislature had gone too far when its act was viewed in the light of constitutional limitations and that a tax deed regular on its face was, under the statute, simply *prima facie* evidence of the regularity of all

essential prior proceedings. In Matthews v. Blake, 16 Wyo. 116, 92 Pac. 242, 27 L. R. A. (N. S.) 339, this court said: "There is no statute in this state making a tax deed, although regular and valid on its face, *prima facie* evidence of any fact recited therein or of the regularity of the prior proceedings." No law like that before the Iowa court in the cited cases has been called to our attention as having been incorporated in our statutes. Obviously, we cannot adopt the construction of a statute operative in another state when the statute, itself, has never been adopted.

The question then arises whether the record here shows that plaintiffs complied with the rule mentioned above, in their attempted proof of the validity of the tax sale and tax deed on which they relied and which they offered in evidence. Sec. 2877, Wyo. Comp. St. 1920, as amended by Laws Wyo. 1923, ch. 70, § 12 (now Wyo. Rev. St. 1931, § 115-2322) provides:

"The treasurer shall give notice of the sale of real property for delinquent taxes by publication thereof, once a week for four weeks, in a newspaper in his county, if there be one; the first insertion of which notice shall be at least four weeks before the day of the sale, and by a written notice posted on the door of the court house, or building commonly used therefor, for four weeks before the day of the sale, and if there be no newspaper published in the county, the like notice shall be given by posting one written notice in each of the five most public places in the county in which any land to be sold is situated, and one on the door of the court house, or door of the county building. Such notice shall contain a notification that all lands on which the taxes of_____have not been paid, will be sold and the time and place of such sale with a list of the lands."

It appears from the transcript before us that plaintiffs proved that the Treasurer of Laramie County published a tax notice for four weeks in a county newspaper in an endeavor to comply with the requirements of the section just quoted and thus support the tax sale, pursuant to which

the tax deed in question was finally issued. They did not prove that a written notice was also posted on the door of the court house of Laramie County for the specified period, as the statute directs. Certainly, the requirement of posting the notice is quite as essential to the validity of the tax sale as publication of the notice, under the terms of the law governing the matter.

In passing, it may be noted that a portion of the notice of tax sale, as published in the county newspaper under the direction of the County Treasurer, was read in evidence, but so far as appears, it did not indicate the year or years for whose delinquent taxes the sale was being held. The last clause of Sec. 2877, supra, seems to require the year number or numbers to be inserted in the notice, although a blank space is left in the law. We are confirmed in our conclusion that such is the real meaning of the statute from an examination of the early revenue laws of adjoining territories—our statute having been originally enacted by our Territorial Legislature. We find phraseology almost identical with that contained in the last clause of the section quoted, in Sec. 45, Ch. 75, of the Revised Statutes of Colorado (1868), except that in lieu of the blank space our statute presents, are the words ''the preceding year (naming it).'' Similar language is found to be present in Sec. 59 of Ch. 46 of the Revised Statutes of Nebraska Territory (1866), p. 324. The legislators of Wyoming Territory doubtless left the blank, having in mind that our law provides for the collection of delinquent taxes for several preceding years when that becomes necessary.

It may also additionally be noted that the proof of service of notice of intention on the part of the assignee of the certificate of purchase to apply to the County Treasurer of Laramie County for a tax deed, as that proof was offered in evidence by plaintiffs, is far from being a model, either in accuracy or in substance. It states that the notice was served ''on Joseph Henneberry, owner, occupant and the person to whom assessed, at Burns, Wyoming, on May 7th,

1927, who accepted service thereof; that he was the person in the actual possession or occupancy of said real estate.'' The law then required (§ 2889, Wyo. Comp. St. 1920) and still requires (§ 115-2335, Wyo. Rev. St. 1931) that such notice be served ''on every person in actual possession or occupancy of such land or lot and also the person in whose name the same was taxed or specially assessed if, upon diligent inquiry, he can be found in the county, at least three months before the expiration of the time of redemption of such sale.''

The proof of service is hardly explicit as to what was ''assessed'' to Joseph Henneberry. That would seem to be left to inference—something that should not be done in proofs of this character. 37 Cyc. 1406, 1407. 4 Cooley, Law of Taxation (4th Ed.), § 1570.

Again, the record shows that Julia Henneberry, the wife of Joseph Henneberry, claimed a homestead in the property involved here, for, in signing the mortgage now held by the Minnesota Baptist Convention of Minneapolis, Minnesota, she released her rights in that respect for the purpose of the mortgage. So far as appears by this record, at all the times involved herein, she has been living with her husband and that is the presumption. The proof of service aforesaid states that he was an occupant of ''said real estate.'' The rule is a familiar one that ''When the existence of a person, a personal relation, or state of things is once established by proof, the law presumes that the person, personal relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question.'' 10 R. C. L. 872, § 15, and cases cited. The conclusion would appear to be a fair one that she also was an occupant of ''said real estate'' at the time the notice of intention to apply for a tax deed was served. She apparently still claimed an interest in the land on October 15, 1928, long after the tax deed was issued for, on that date, she

joined with her husband in a deed of the land in question to their son and his associate, Davis.

Under our law, it will be recalled, the owner of a homestead right is regarded as in actual occupancy of the land on which it rests. (§ 6029, Wyo. Comp. St. 1920; Wyo. Rev. St. 1931, § 89-2985.) Yet, no service of the notice upon Julia Henneberry is shown. The Supreme Court of Iowa, in the recent case of Geil v. Babb, 242 N. W. 34, held, concerning an affidavit proof of service of notices of this kind, that no presumptions may be indulged in, in construing it which are not based on explicit recitation of facts. See also, 37 Cyc. 1406; 4 Cooley, Law of Taxation (4th Ed.), § 1670. In Gage v. Lyons, 138 Ill. 590, 28 N. E. 832; 834, the court, speaking of the necessity of service of such a notice on all persons in the actual occupancy of the premises affected where they were occupied by both husband and wife, said:

"The statute required a notice of the tax purchase, etc., to be served on every person in the actual possession or occupancy of the lands or lots sold. Where the owner is not an occupant himself of the land, it is to be presumed that the notice will be more likely to reach him, and he be apprised of the sale, when served upon *all* the occupants than if served only upon part. It is not, however, important that a reason should be given why a tenant, or tenants, in the actual occupation of the premises, or of some part of them, should be served with notice. It is enough that the statute requires it as a condition precedent to the right to have the tax deed issued. It does not appear that the service of the notice on the wife of Richard Cosgrove was intended as service upon him, but if it was, service of notice upon the wife of the tenant in possession is not sufficient to meet the requirements of the statute, which is imperative, and must be followed."

See also Gage v. Bani, 141 U. S. 344, 12 S. Ct. 22, 35 L. Ed. 776; Medland v. Walker, 96 Ia. 175, 64 N. W. 797.

Other matters showing omissions in the proof made by plaintiffs might be mentioned, but sufficient has been said to indicate our view that the District Court was correct in its conclusion that the plaintiffs did not prove a valid tax title and failed to make out a case sufficient to entitle them to have judgment.

Relative to a matter of procedure in proceedings in error, it may further be observed that the final certificate to the bill of exceptions appearing in the record in this case, as presented to and signed by the trial judge, is wholly insufficient, under the repeated prior decisions of this court. It fails to state that the bill of exceptions is correct and that it contains all the evidence introduced by the parties on the trial of the case. See Seng v. State, 20 Wyo. 222, 122 Pac. 631; Fishback v. Brammel, 6 Wyo. 293, 44 Pac. 840; Howard v. Bowman, 3 Wyo. 311, 23 Pac. 68; Wyoming Loan & Trust Co. v. W. H. Holliday Co., 3 Wyo. 386, 24 Pac. 193; Chosen Friends etc. League v. Otterson, et al., 7 Wyo. 89, 50 Pac. 194.

The judgment of the District Court of Laramie County will be affirmed.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.