2006 WY 126

Kristen L. THOMPSON–GREEN,
Appellant (Plaintiff),

v.

The ESTATE OF Robert Jerry DROBISH;
Daniel J. Drobish; Geoffrey Ora Dro-
bish; Robert Jay Drobish; and Fidelity
Financial Services, Inc., n/k/a Wells Far-
go Financial Acceptance Utah, Appellees
(Defendants).

No. 05–227.

Supreme Court of Wyoming.

Oct. 10, 2006.

Representing Appellant: Don W. Riske of Riske & Salisbury, P.C., Cheyenne, Wyoming.

Representing Appellees: Scott W. Meier and Ian D. Shaw of Hickey & Evans, LLP, Cheyenne, Wyoming. Argument by Mr. Meier.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] This appeal concerns the ownership of residential property (hereinafter "the property") in Cheyenne. In 2004, the Laramie County Treasurer executed a tax deed granting the property to Kristen L. Thompson–Green (Green). In the ensuing declaratory judgment action, the district court granted summary judgment to the property's owners because it determined that Green failed to comply with certain statutory notice requirements prior to obtaining the tax deed. Green now appeals the district court's decision. We affirm.

## ISSUES

[¶ 2] 1. Whether Green complied with the notice requirements set forth in Wyo. Stat. Ann. § 39-13-108(e) (LexisNexis 2005) prior to obtaining the tax deed?

2. If not, whether the tax deed remained valid as to one cotenant's interest in the property because Green did serve that cotenant personally with the requisite notice?

## FACTS

[¶ 3] The facts in the instant case are essentially undisputed. As of July 2000, Robert Jerry Drobish had a one-half interest in the property and occupied the property's residence; his sons (Daniel Drobish, Geoffrey Drobish and Robert Jay Drobish) also had a one-half interest in the property. All four of the Drobishes held such interests as tenants in common. No one apparently paid taxes on the property in 1999, so the Laramie County Treasurer included the property in an August 2000 tax sale. Green bid on the property at the tax sale, paid $591.17 in

* Chief Justice at time of oral argument.

delinquent property taxes and costs, and received a certificate of purchase from the county treasurer. Green then applied for, and received, a Tax Deed conveying the property to her in November 2004. The dispute in the instant case focuses on the service of certain notices prior to the county treasurer executing the tax deed in favor of Green, and we will discuss the facts relevant to that issue later in this opinion. Robert Jerry Drobish died December 1, 2004. His sons thereafter discovered Green's efforts to obtain the tax deed while "sorting [through their] father's belongings and paperwork."

[¶ 4] In January 2005, Green filed a declaratory judgment action pursuant to Wyo. Stat. Ann. § 1-37-101, *et seq.* (LexisNexis 2005), claiming that she owned the property as the grantee of the 2004 tax deed. The Drobishes asserted that the tax deed was invalid because Green did not comply with the notice requirements found in Wyo. Stat. Ann. § 39-13-108(e)(v). Both parties subsequently filed summary judgment motions. The district court granted summary judgment to the Drobishes because Green did not comply with the aforementioned notice provisions, and such a failure as to one owner was sufficient to invalidate the tax deed as to all of the owners of record. Green now appeals the district court's decision.

## STANDARD OF REVIEW

[¶ 5] Our standard for the review of summary judgments applies in declaratory judgment actions. *Laughter v. Bd. of County Comm'rs,* 2005 WY 54, ¶ 9, 110 P.3d 875, 879 (Wyo.2005). That standard is essentially as follows:

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.R.C.P. 56(c). A genuine issue of material fact exists when a disputed fact, if proven, would establish or refute an essential element of a cause of action or a defense that a party has asserted. *Metz Beverage Co.*

*v. Wyoming Beverages, Inc.,* 2002 WY 21, ¶ 9, 39 P.3d 1051, ¶ 9 (Wyo.2002).

> We evaluate the propriety of a summary judgment by employing the same standards and by examining the same material as the district court. *Id.* We examine *de novo* the record, in the light most favorable to the party opposing the motion, affording to that party the benefit of all favorable inferences that may be drawn from the record. *Roussalis v. Wyoming Medical Center, Inc.,* 4 P.3d 209, 229 (Wyo. 2000). If upon review of the record, doubt exists about the presence of issues of material fact, that doubt must be resolved against the party seeking summary judgment. *Id.* We accord no deference to the district court's decisions on issues of law. *Metz,* ¶ 9.

*Linton v. E.C. Cates Agency, Inc.,* 2005 WY 63, ¶¶ 6-7, 113 P.3d 26, 28 (Wyo.2005).

[¶ 6] Wyo. Stat. Ann. § 39-13-108(e)(vii)(B) states that the "burden of proof shall be upon any party seeking to invalidate title conveyed by a tax ... deed in any action in any court in Wyoming."

## DISCUSSION

[¶ 7] The primary issue in this appeal is the extent to which Green complied with the notice requirements contained in Wyo. Stat. Ann. § 39-13-108(e) prior to applying for the tax deed. That statute provides, in pertinent part, as follows:

> (v) The following shall apply to tax deeds to purchasers:
>
> > (A) The county treasurer shall accept applications and issue tax deeds for unredeemed real property subject to a certificate of purchase not less than four (4) nor more than six (6) years from the date of the original sale for taxes to the person in whose name the certificate of purchase was delivered or his assigns upon proper application, return of the certificate of purchase, payment of fees *and proof of compliance with the notice requirements of this section to consist of the fact of personal service and the contents of the notice served in cases where personal service is*

*made,* or, in the case of service by publication, a sworn statement attached to a copy of the notice indicating the time of service by the publisher, manager or editor of the newspaper in which publication of notice was made;

(B) Holders of certificates of purchase of real property sold for delinquent taxes, including a holder's or county's assigns, upon application for a tax deed therefor shall furnish proof to the county treasurer:

*(I) That at least three (3) months prior to the application a written or printed notice was served on each person in actual possession or occupancy of the real property and the person in whose name the property was taxed or assessed if upon diligent inquiry the persons can be found in the county; or*

(II) If no person is in actual possession or occupancy of the property and if the person in whose name the property was taxed or assessed cannot be found in the county, that notice was published in a newspaper printed in the county, or if no newspaper is printed in the county, then in a newspaper printed in Wyoming nearest to the county seat of the county in which the property is located. The notice shall be published once a week for three (3) weeks, the first publication not more than five (5) months and the last publication not less than three (3) months prior to the application; *and*

(III) That notice was sent by certified or registered mail to the record owner and mortgagees, if any, of the real property if their addresses are known or disclosed by the public records.

(Emphasis supplied.)

[¶ 8] In what is now subsection (e)(v) of the statute, "the legislature placed upon the shoulders of the tax deed grantee a duty of diligent inquiry to find and serve" the specified individuals.[1] *Trefren v. Lewis,* 852 P.2d 323, 328 (Wyo.1993). "Diligent" means

"[c]areful; attentive; persistent in doing something." *Black's Law Dictionary* 489 (8th ed.2004). We have described the concept of "due diligence" in another context as follows:

"The diligence to be pursued and shown ... is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address ... of the person on whom service is sought.... Due diligence must be tailored to fit the circumstances of each case. It is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so."

*Colley v. Dyer,* 821 P.2d 565, 568 (Wyo.1991) (quoting *Carlson v. Bos,* 740 P.2d 1269, 1277 n. 13 (Utah 1987)) (some internal quotations omitted). The inquiry extends to "those places where information is likely to be obtained and to those persons who, in the ordinary course of events, would be likely to receive news of or from the absent person[s]." 62B Am.Jur.2d *Process* § 229 (2005).

[¶ 9] Green claims that she took "all reasonable steps available to her to comply with the requirements of the statute." According to Green, the Laramie County Clerk's, and Treasurer's, records only included one mailing address for all of the Drobishes—the property's address. Green's husband also searched the "telephone records of the Laramie County area" and stated that the only telephone number listed for any of the Drobishes was a number for Robert J. Drobish at the property's address.

[¶ 10] Green proceeded to send to that address (via certified mail) an August 2004 notice that, among other things, the redemption period would expire on November 30, 2004, and that she would apply for a tax deed "on or after" that date.[2] The notice was

---

1. Neither party contends that this subsection of the statute violates constitutional due process standards.

2. Wyo. Stat. Ann. § 39-13-108(e)(v)(C) (Lexis-Nexis 2005) states that such notices "shall contain" the following information: 1) when the applicant purchased the real property; 2) in whose name the real property was taxed; 3) a

addressed to "Robert Jerry Drobish, Daniel J. Drobish, Geoffrey Drobish, Robert Jay Drobish, and/or Possessor(s) and/or Occupant(s)." It appears that Robert J. Drobish signed the return receipt on August 11, 2004. Green also attempted to have a Laramie County sheriff's deputy serve the Drobishes personally with an identical notice. The notice was addressed to "Robert Jerry Drobish, Daniel Drobish, Geoffrey Drobish & Robert Jay Drobish or Occupants." The return of service states that a deputy sheriff served the notice on "Robert Drobish" personally at "his ... usual place of abode" (the property's address) on August 12, 2004, and that Robert Drobish was "also accepting for Jerry, Daniel, Geoffrey and Robert Drobish."

[¶ 11] However, we conclude that the following undisputed facts establish that both Robert Jerry Drobish and Daniel Drobish could, upon diligent inquiry, be found in Laramie County:

1) The property was apparently taxed or assessed in the name of "Drobish, Robert J., et[ ] al." It is reasonable to infer that these "other persons"[3] were the three other owners of record, and Green does not contend otherwise.

2) All four Drobishes had traditionally male first names, shared the same last name, and held the property as tenants in common.

3) The public records initially revealed one address for the Drobishes. However, Robert Jerry Drobish was the sole occupant of the property's residence and the only person in actual possession of the property. Daniel Drobish stated as much in an affidavit, although it was also increasingly apparent from the following facts: a) "Robert J. Drobish" signed for the notice Green sent via certified mail; b) the only phone listing for a Drobish at the property's address was "Robert J. Drobish"; and c) Robert Jerry Drobish was the only individual the sheriff's deputy served personally at the property's residence.

4) Daniel Drobish stated in an affidavit that he lived and worked in Laramie County between August and December 2004. He had instructed Robert Jerry Drobish to provide his (Daniel's) address (which was not the property's address) and other contact information to "those who inquired."

A diligent inquiry—one reasonably calculated to locate the other Drobishes—would have included an attempt to contact Robert Jerry Drobish (this could have been accomplished easily by calling the telephone number Green's husband had discovered) and determine what information he had regarding the location of the other three Drobishes (whether at the property's address or elsewhere). One could reasonably expect that such contact, if successful, would have uncovered this information for Daniel Drobish in Laramie County. *See generally, for example, Jones v. Flowers,* —— U.S. ——, 126 S.Ct. 1708, 1717–21, 164 L.Ed.2d 415 (2006) (due process analysis); *In re Adoption of CAM,* 861 P.2d 1102, 1105–06 (Wyo.1993); *Trefren,* 852 P.2d at 327–28; and *Colley,* 821 P.2d at 568.

[¶ 12] That being the case, the statutory language contained in Wyo. Stat. Ann. § 39–13–108(e)(v)(A) and (B)(I) clearly contemplates that Green serve the requisite notice on Robert Jerry Drobish and Daniel Drobish personally prior to obtaining a valid tax deed; her failure to do so renders the tax deed invalid or void. *Trefren,* 852 P.2d at 328; *Shoshoni Lumber Co. v. Fidelity & Deposit Co.,* 46 Wyo. 241, 24 P.2d 690, 694–97 (1933); and *Clinton v. Elder,* 40 Wyo. 350, 277 P. 968, 970–71 (1929). It is undisputed that Green served Robert Jerry Drobish personally with the notice. Daniel Drobish, however, did not actually learn about Green obtaining the tax deed until after his father's death. Green claims that she served Daniel Drobish personally with the notice when Robert Jerry Drobish "accepted" service for Daniel Drobish in August 2004. This argument is premised solely on Green's contention that

---

description of the real property; 4) the year the property was taxed or assessed; 5) when the time of redemption will expire; 6) when application for a tax deed will be made; and 7) the amount of any special assessments for local or public improvements. The Drobishes do not

contend that the notices at issue in the instant case failed to contain this information.

**3.** The phrase "et al." means "[a]nd other persons." *Black's Law Dictionary* 591 (8th ed.2004).

such service complied with W.R.C.P. 4(d)(1), and thereby also satisfied the aforementioned statutory notice requirements.

■ [¶ 13] We note that, unlike other statutes,[4] the statute at issue in the instant case does not specifically refer to Rule 4 in establishing the framework for serving the requisite notice. Yet, even if we were to assume that Rule 4 somehow applied in this context, Green did not comply with the rule in attempting to serve Daniel Drobish. Rule 4(d)(1) provides, in pertinent part, that service of a "summons and complaint . . . shall be made as follows:"

(1) Upon an individual other than a person under 14 years of age or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person over the age of 14 years then residing therein, or at the defendant's usual place of business with an employee of the defendant then in charge of such place of business, or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process[.]

■ [¶ 14] The sheriff's deputy obviously did not deliver the notice to Daniel Drobish personally or leave it at his usual place of business. Nor did the deputy leave the notice at Daniel Drobish's dwelling house or usual place of abode—Daniel Drobish stated in an affidavit that he lived at a separate address in Laramie County during the rele-

vant time period and there does not appear to be a factual dispute in that regard.[5] Finally, there is no evidence that Robert Jerry Drobish was authorized by appointment, or by law, to receive the notice on Daniel Drobish's behalf. The fact that Robert Jerry Drobish "accepted" service for Daniel Drobish, itself, is not sufficient evidence of such authority.[6] There is no record evidence of what, if anything, Robert Jerry Drobish said to the sheriff's deputy in that regard, and the "mere fact . . . that two or more persons own undivided interests in the same property does not create any agency . . . relationship between them." 20 Am.Jur.2d *Cotenancy and Joint Ownership* §§ 3, 94 (2005).

■ [¶ 15] Green nevertheless contends that even if she failed properly to serve Daniel Drobish with the requisite notice, her tax deed remained valid as to Robert Jerry Drobish's interest in the property because she did serve him personally with the notice. Green's appellate argument focuses on distinguishing the cases cited in Nora A. Uehlein, J.D., Annotation, *Right of Interested Party Receiving Due Notice of Tax Sale or of Right to Redeem to Assert Failure or Insufficiency of Notice to Other Interested Party*, 45 A.L.R.4th 447 § 6 (1986 and Supp.2005), which cases the district court referenced in ruling against Green on this issue.

[¶ 16] We will resolve this issue in favor of the property owners. The notice involved in the instant case "concerns such an important and irreversible prospect as the loss of a house." *Jones*, 126 S.Ct. at 1716. Recognizing the significance of such notice, we have in prior cases reviewed the circumstances for

---

**4.** *See, for example,* Wyo. Stat. Ann. § 1–21–1210(a)(i)(B) (LexisNexis 2005) (property owner's notice to renter "shall be deemed served" on the date "notice is served on the renter in accordance with Rule 4 of the Wyoming Rules of Civil Procedure provided a copy of the written notice is delivered to the individual renter personally").

**5.** The fact that the public records listed the property's address as an address for all of the Drobishes is certainly not, under the circumstances previously discussed herein, conclusive evidence that the property served as the "dwelling house or usual place of abode" for all of the Drobishes. Green also claims that Daniel Drobish has resided on the property since Robert Jerry Drobish's death. However, Green stated in her affidavit

that on December 10, 2004, "a letter was personally delivered to Daniel Drobish by . . . a private process server, informing Mr. Drobish and all other occupants that [she] had recently taken title to the Property. . . ." This statement does not establish that Daniel Drobish was served at the property's address, let alone provide any further information indicating that Daniel resided on the property prior to the date the tax deed was executed. *See Crotteau v. Irvine*, 656 P.2d 1166, 1169 (Wyo.1983).

**6.** We generally do not presume the validity of a sheriff's return and the burden of proof typically rests on the party asserting the validity of the service. *Crotteau*, 656 P.2d at 1168–69.

strict or complete compliance with the statutes governing notice of tax sales [7] and notice of the tax purchaser's intent to apply for a tax deed.[8] *See, for example, Barrett v. Barrett,* 46 Wyo. 84, 23 P.2d 857, 859 (1933); and *Davis v. Minnesota Baptist Convention,* 45 Wyo. 148, 16 P.2d 48, 50 (1932). The application of this principle is not, however, without its limitations. *Barlow v. Lonabaugh,* 61 Wyo. 118, 156 P.2d 289, 293–94 (1945) (recognizing that "statutory provisions prerequisite to a tax title must be literally, or at least substantially, complied with" because "the law favors the owners," but "strict compliance with a statute in tax matters[ ] should not be carried to the point of absurdity"— this Court held that the failure formally to serve notice of the time for redemption on property owners who stated that they did not want to redeem the property and then quit-claimed their interests in the property to the county did not invalidate the tax deed, where the party asserting the invalidity of the tax deed was not an owner of the property and was not prejudiced by the owners' lack of notice).

[¶ 17] *Davis* is particularly instructive, considering the circumstances of the instant case. In *Davis,* 16 P.2d at 52, the plaintiffs in a quiet title action relied on a tax deed to prove their title to the property. We first considered whether notice of the tax sale was provided in accordance with the applicable statute. *Id.* We concluded that notice of the tax sale had been published according to the statute (although the notice did not include the "years for whose delinquent taxes the sale was being held"), but the notice had not been posted on the courthouse door as re-

quired by the statute. *Id.* We also considered whether the assignee of the certificate of purchase had properly notified the occupants of the property of the assignee's intent to apply for a tax deed. *Id.* The applicable statute required that "such notice be served 'on every person in actual possession or occupancy of such land or lot and also the person in whose name the same was taxed or specially assessed if, upon diligent inquiry, he can be found in the county, at least three months before the expiration of the time of redemption of such sale.' " *Id.* The requisite notice was served on one of the property's occupants, but not on his wife, who also occupied the property and was entitled to receive such notice. *Id.* at 52–53. We therefore upheld the district court's "conclusion that the plaintiffs did not prove a valid tax title and failed to make out a case sufficient to entitle them to have judgment." *Id.* at 53.[9]

[¶ 18] The significance of this kind of notice is further illustrated by what occurred in the instant case. One of the primary purposes of such notice is "to bring to the person entitled to redeem knowledge that the land has been sold for taxes and within what time the same may be redeemed from [the] sale." *State ex rel. Bishop v. Bramblette,* 43 Wyo. 470, 5 P.2d 279, 282 (1931) (internal quotations and citation omitted). Daniel Drobish had the right to redeem the entire property from Green "before a valid tax deed application ha[d] been filed and accepted by the county treasurer." Wyo. Stat. Ann. § 39–13–109(e)(i) (LexisNexis

---

7. Wyo. Stat. Ann. § 39–13–108(e)(vii)(A) now provides that

    [n]o irregularity or informality in the advertisement of sale provided by paragraph (ii) of this subsection shall affect the legality of the sale or the title to any real property conveyed by a subsequent treasurer's tax deed. In all cases the provisions of this act shall be deemed sufficient notice to the owners of the sale of the property[.]

    However, this does not appear to be the case for the notice required by § 39–13–108(e)(v).

8. While these cases also placed the burden of proof on the person claiming title to property obtained from a tax sale, and the current version

of the statute places the burden of proof on the party seeking to invalidate the tax title, we see no reason to depart from this approach. Green certainly has not directed us to any authority that would persuade us to hold otherwise.

9. In *Hackett v. Linch,* 57 Wyo. 289, 116 P.2d 868, 869–70 (1941), we recognized that the existing legal authority was "divided" on the issue of whether a tax deed remained valid as to the interests of parties other than the party who did not receive the requisite notice. However, we did not ultimately decide the merits of that issue because the assignee of the certificate of purchase could not obtain a valid tax title as to the remaining interest in the property anyway. *Id.* at 870.

2005);[10] *see also* 72 Am.Jur.2d *State and Local Taxation* § 912 (2001) ("[w]hen property held in cotenancy has been sold for taxes, any one of the cotenants may redeem the property and extinguish the title of the tax sale purchaser") (footnote omitted). Green's failure to serve Daniel Drobish with the notice to which he was entitled pursuant to Wyo. Stat. Ann. § 39–13–108(e)(iv)(B)(I) therefore inhibited his ability to redeem the property.[11]

[¶ 19] As for the cases cited in the aforementioned annotation, we merely note that it is not uncommon for other courts to demand strict compliance with the notice provisions of their respective tax sale statutes or to void a tax deed entirely despite the fact that one of the parties was properly served with the requisite notice. *See, for example, Burks v. Hedinger,* 167 N.W.2d 650, 654–55 (Iowa 1969) (requiring strict compliance with the applicable statutes; tax deed invalid where owner was properly served with notice of the expiration of the right to redeem, but person in possession was not); *Montgomery v. Gipson,* 69 So.2d 305, 305–06 (Fla.1954) (requiring strict compliance with the applicable statutes; tax deed invalid where husband and wife owned the property as tenants by the entirety, husband was properly served notice but wife was not); and *Absetz v. McClellan,* 207 Minn. 202, 290 N.W. 298, 300, 302 (1940) (requiring strict compliance with the applica-

ble statutes; tax deed invalid where service of notice of the expiration of the right to redeem was "insufficient because some of the tenants occupying the premises were not served").

[¶ 20] Our holding in the instant case does not leave Green without a remedy. The legislature specifically provided for this circumstance in Wyo. Stat. Ann. § 39–13–108(e)(viii), and it is also worth noting that the legislature has incorporated several other features into the statute for the tax purchaser's benefit. *See generally* Wyo. Stat. Ann. § 39–13–108(e)(vii)(A) (no irregularity in notice of sale pursuant to subsection (e)(ii) shall affect legality of the sale or title and provisions of act are deemed sufficient notice to owners); § 39–13–108(e)(vii)(B) (grantee of tax deed is entitled to possession of the property, burden of proof on party seeking to invalidate title conveyed by tax deed); and § 39–13–108(e)(vii)(D) (no action for the recovery of property sold for nonpayment of taxes allowed unless commenced within six years after the date of sale).

[¶ 21] We therefore affirm the district court's order granting summary judgment to the Drobishes.

---

**10.** It is worth noting that Wyo. Stat. Ann. § 39–13–109(e)(ii) does apparently allow for a partial redemption of a certificate of purchase, but the plain language of the statute seems to limit that option only to cases where a "mortgagee of real property, or a purchaser of real property at a mortgage foreclosure sale" redeems the certificate of purchase. *See also* 72 Am.Jur.2d *State and Local Taxation* §§ 905, 912 (2001) ("[e]xcept as the redemption statutes otherwise provide, land sold as a unit at a tax sale must ordinarily be redeemed as a unit and any asserted right to make a partial or proportional redemption must be founded in the language of the statutes"; and "[w]hile under some statutes a cotenant or other part-owner may redeem his or her particular interest, in the absence of such statute, when the land has been sold as a unit, the purchaser may require a part-owner such as a cotenant to redeem the entire tract") (footnotes omitted).

**11.** The result in this case is also consistent with the general policy favoring redemption. For example, in discussing a similarly-worded predecessor to the current statute, we referred to

what is said by well considered authority concerning the construction of laws of the character now before us and concerning the exactness with which notices to redeem from tax sales must be framed. In 37 Cyc. 1395, we find it said: "It is required in several states that the purchaser at a tax-sale shall give notice to the owner of the property, within a designated reasonable time, of the expiration of the period allowed for redemption and of his intention thereon to claim a deed. A law of this kind is to be construed liberally and beneficially in the interest of the owner." To the same effect is Cooley on Taxation (4th ed.) § 1567.

*State ex rel. Bishop v. Bramblette,* 43 Wyo. 470, 5 P.2d 279, 281 (1931). *See also Hackett,* 116 P.2d at 870 (statute fixing the time for redemption "should be liberally construed in favor of the owner"); and *Barrett,* 23 P.2d at 861 (redemption statutes to be "construed liberally in favor of the redemptioner").