GEORGE J. STEWART, APPELLANT, v. OLIVER A. RIDENOUR, APPELLEE.

FILED DECEMBER 18, 1914.   No. 17,895.

Tax Deeds: VALIDITY: NOTICE TO REDEEM. A tax deed to land is void, if issued by the county treasurer under a sale made by him November 7, 1904, where the purchaser in his notice to redeem stated that the time for redemption would expire November 8,

1906, the statutory period in fact expiring November 7, 1906. Comp. St. 1903, ch. 77, art. I, sec. 214.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed.*

*Wilcox & Halligan,* for appellant.

*William E. Shuman, contra.*

ROSE, J.

This is a suit to cancel a treasurer's deed to a tract of land in Lincoln county and to permit plaintiff as owner to redeem the land from the tax lien. November 7, 1904, was the date of the sale, and the treasurer's deed was dated November 8, 1906. The notice to redeem stated: The time for redemption will expire November 8, 1906, and if the premises are not redeemed from the tax sale on that day the purchaser will apply to the county treasurer for a tax deed. Plaintiff pleads, among other grounds for relief, that the tax deed is void for failure of the purchaser to comply with the statute in giving notice to redeem. The suit was dismissed, and plaintiff has appealed.

Was the notice fatally defective? The purchaser was bound by a statute requiring him, as a condition of being entitled to a tax deed, to give notice "when the time of redemption will expire." Comp. St. 1903, ch. 77, art. I, sec. 214. Under the constitution and the revenue law, that date was November 7, 1906. The date given in the purchaser's notice was November 8, 1906. Had the tax debtor, as directed by the notice, appeared on the latter date to redeem his land from the tax sale, he would have been one day too late, according to the limitation fixed by statute. The arbitrary terms of a revenue law, which prescribes in definite language the conditions under which a landowner may be divested of title, cannot be changed by construction to meet varying conditions or to conform to the promptings of equity. If a purchaser may extend for a day the period of redemption, why not for a year? A notice to redeem "must contain the precise information re-

quired by statute." *Thomsen v. Dickey,* 42 Neb. 314. Referring to the legislation under consideration, it was said in *State v. Gayhart,* 34 Neb. 192: "The provisions of section 123 of the revenue law relating to the time and manner of giving notice are mandatory, and must be substantially complied with, or the holder of the tax certificate will not be entitled to a treasurer's deed." In considering the same section, the following language was used in another case: "To entitle a party to a tax deed, all the essential requirements of the statute must be complied with, and if any are omitted the title will fail. 1 Cooley, Taxation (3d ed.) 323, 324. As the statute requires the notice to be given at least three months before the time for redemption expires to entitle the purchaser to a deed, there was no authority to give such notice and obtain a deed after the expiration of the time fixed by law to redeem." *Zahradnicek v. Selby,* 15 Neb. 579.

Courts in other jurisdictions hold that the purchaser at a tax sale, in giving the landowner notice to redeem, must comply literally with the statutory requirement to state "when the time of redemption will expire." In this respect the statutes of Nebraska and Illinois were the same. In both states the period of redemption expires in two years. In declaring a tax deed void under a sale June 1, 1885, because expiration of the period for redemption, as stated in the notice, was June 2, 1887, the supreme court of Illinois said: "The notice therefore did not correctly state the time of redemption, and hence was no compliance with the statute. This court has held in several cases that a misstatement in the notice of the expiration of the time of redemption will render invalid the tax deed." *Benefield v. Albert,* 132 Ill. 665. On this question the courts generally are in harmony. *Archer v. Tubbs Sheep Co.,* 25 S. Dak. 399; *Flickinger v. Cornwell,* 22 S. Dak. 382; *State Finance Co. v. Beck,* 15 N. Dak. 374; *Clary v. O'Shea,* 72 Minn. 105; *State v. Nord,* 73 Minn. 1; *Kipp v. Johnson,* 73 Minn. 34; *Kipp v. Robinson,* 75 Minn. 1.

The tax deed on which defendant relies being void, plaintiff should have been allowed to redeem. The judgment

of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.

REESE, C. J., SEDGWICK and HAMER, JJ., not sitting.