STATE EX REL. BISHOP v. BRAMBLETTE, ET AL.,
KESSELHEIM, ET AL., INTERVENERS
(No. 1701; November 24, 1931; 5 Pac. (2d) 279)

For plaintiff in error there was a brief by *Thos. A. Nicholas,* of Gillette, Wyoming.

For the defendants in error there was a brief by *Earl Dunlap,* County Attorney of Gillette, Wyoming, and *Diefenderfer & Cone,* of Sheridan, Wyoming, and oral arguments by *Mr. Diefenderfer* and *Mr. Cone.*

472

Riner, Justice.

The plaintiff—now plaintiff in error—filed its petition in the District Court of Campbell County asking that court to issue its writ of mandamus to the defendant—one of the defendants in error here—as treasurer of said county, requiring him, as such officer, to deliver to relator a treasurer's tax deed to certain lands located in the county and which had theretofore been sold for taxes on July 27, 1925. Plaintiff's petition disclosed that W. O. Bishop, as the own-

er, by assignment, of the certificate of purchase of said lands issued by the then county treasurer after tax sale had, caused to be published once each week for three weeks a notice of application for a tax deed thereto, the first publication being on December 6, 1928 and the last publication on December 20, 1928; that such publication was made in a legal weekly newspaper of general circulation in said county; that the notice so published was as follows:

### "NOTICE THAT TAX DEED WILL ISSUE

"To DAVID M. FOX, AND ALL PARTIES CONCERNED:

"You are hereby notified that the following described lands and real property, to-wit: SW¼ N½ SE¼, SW¼ SE¼, of Section 8, the SW¼, W½ NW¼, SE¼ NW¼ of Section 9, the N½ NW¼ of Section 17, T. 47, N., R. 69 W., 6th P. M., located in Campbell County, Wyoming, were on the 27th day of July, A. D. 1925 at the sale for taxes duly held for taxes due Campbell County, Wyoming, for the year 1924, sold by Ernest A. Littleton, then the County Treasurer of Campbell County, Wyoming, and purchased by Jabe B. Gibson, and that said lands and real property were assessed to and taxed for said year 1924 in the name of David M. Fox, and that the statutory time for redemption of said lands expired on the 27th day of July, A. D. 1928, and that the undersigned is the assignee and owner of the certificate of purchase of said lands and real property duly issued by the said County Treasurer pursuant to said sale, having purchased same December 20, 1927, and will on the 15th day of March, A. D. 1929 apply to the County Treasurer of Campbell County, Wyoming, for a Treasurer's tax deed to the said lands and real property.

"Dated at Gillette, Wyoming, December 5th, 1928.

W. O. BISHOP
Owner."

Plaintiff's pleading also alleged, in substance, that upon presentation of due proof of the publication of said notice, the necessary legal fees and the aforesaid certificate of purchase to the defendant county treasurer, the latter declined

to issue to the said W. O. Bishop a tax deed to the lands sold, as recited above.

An alternative writ of mandamus was duly issued by the District Court and thereafter the defendant county treasurer filed a general demurrer to plaintiff's petition. The owner of the land, B. Kesselheim, Inc., and the holder of a mortgage thereon, C. R. Hansen, were later permitted to come into the litigation as interveners. The cause was finally submitted for the court's determination upon the demurrer thus filed as involving "the sole question of the sufficiency of the published notice." The court took the matter under advisement and on March 5, 1930, rendered judgment sustaining the demurrer and dismissing the action, at plaintiff's costs. Proceedings by direct appeal to obtain a review of this judgment having been brought by plaintiff, and having failed through neglect of the rules of this court concerning the filing of briefs, these proceedings in error were instituted.

In the notice of application for a tax deed quoted above, it will be observed that the statement is made that "the statutory time for redemption of said lands expired on the 27th day of July, A. D. 1928," and that the application of the then owner of the certificate of purchase aforesaid, to the county treasurer of Campbell county for a tax deed to the lands in question, would be made March 15, 1929. It is contended by the plaintiff in error that the clause last above quoted from the notice fully complies with the requirements of Section 2889, W. C. S. 1920—that section being the one prescribing the procedure necessary to secure a tax deed to lands sold for delinquent taxes. On the other hand, the interveners and the county treasurer, as defendants in error, insist that this clause is wholly insufficient to meet the demands of that section and Section 2884, W. C. S. 1920, as construed by this court in Burns v. State, 25 Wyo. 491, 173 Pac. 55, 785, 786.

Section 2884, supra, provides in substance that real property sold for delinquent taxes "may be redeemed at any

time before the expiration of three years from and after the date of the sale," by making certain payments to the county treasurer of the proper county, "to be held by him subject to the order of the purchaser." Section 2889, supra, so far as material to be considered here, in defining the necessary steps to be taken in obtaining a tax deed, is as follows:

"Such purchaser or assignee shall serve, or cause to be served, a written or printed, or partly written and partly printed, notice of such purchase on every person in actual possession or occupancy of such land or lot, and also the person in whose name the same was taxed or specially assessed, if upon diligent inquiry he can be found in the county, at least three months before the expiration of the time of redemption of such sale, on which notice he shall state when he purchased the land or lot, in whose name taxed, a description of the land or lot, he has purchased, for what year taxed or specially assessed, when the time of redemption will expire and application for deed will be made. If no person is in actual possession or occupancy of said land or lot, and the person in whose name the same was taxed or specially assessed, upon diligent inquiry, cannot be found in the county, then the purchaser or his assignee shall publish such notice in some newspaper printed in such county, and if no newspaper is printed in the county, then in the nearest newspaper that is published in this state, to the county seat of the county in which such land or lot is situated; which notice shall be inserted once each week for three weeks the first publication not to be longer than five months and the last publication not to be less than three months before the time of redemption shall expire. * * * provided, that the purchaser or his assignee may at any time within two years after the expiration of the period of redemption serve or publish the notice provided for in this section, which notice shall set a date not less than three months nor more than five months after the date of said notice, at which time the said purchaser or his assignee will make application for tax deed. Whenever said purchaser or his assignee, has fulfilled all the requirements of this section and surrenders to the county treasurer the certificates of purchase, it shall be the duty of the county treasurer to issue to said purchaser, or his assignee, a tax deed in the manner and form prescribed by law."

These statutory provisions were all before this court in the Burns case, supra, where their legislative history is quite fully given. It is unnecessary to repeat it here.

Before passing to a consideration of the effect of the case last mentioned, upon the situation presented by the case at bar, it may be well to refer, briefly, to what is said by well considered authority concerning the construction of laws of the character now before us and concerning the exactness with which notices to redeem from tax sales must be framed. In 37 Cyc. 1395, we find it said:

"It is required in several states that the purchaser at a tax-sale shall give notice to the owner of the property, within a designated reasonable time, of the expiration of the period allowed for redemption and of his intention thereupon to claim a deed. A law of this kind is to be construed liberally and beneficially in the interest of the owner."

To the same effect is Cooley on Taxation, (4th Ed.) § 1567.

So 26 R. C. L. 431, § 388, similarly says:

"In jurisdictions in which the tax deed is not delivered to the purchaser until after the period of redemption has expired, it is sometimes required that the purchaser send to the owner a notice of the sale and of the period within which the land may be redeemed if he may be found by diligent inquiry and unless such notice is sent a conveyance of the land is void. Such statutes will be construed strictly in favor of the owner, and unless their provisions are complied with literally, the sale will be void. * * * The notice must also set forth with clearness and accuracy the date when the right of redemption expires."

Upon the authority of an elaborate list of cases from many states of the Union, it is declared in the note to Stewart v. Ridenour, 97 Neb. 451, 150 N. W. 206, Ann. Cas. 1917 A 243, that:

"A notice to redeem from a tax sale is insufficient unless the date of the expiration of the period of redemption is stated therein correctly or can be determined from the statements of the notice with definiteness and precision."

The case of Burns v. State ex rel. Allen, supra, in its salient facts, resembles quite closely the one now before us. It, too, was an application by a claimant for a tax deed, for a writ of mandamus to be directed to the county treasurer requiring him to issue such deed. An alternative writ was issued and the defendant officer filed his answer in the cause. Upon general demurrer interposed by the claimant to this answer, judgment was given against the treasurer, and he brought error. In that case it appeared that the tax sale was held July 1, 1911, for 1910 taxes. More than three years after the date of such sale, the claimant, Allen, published a notice of application for a tax deed, wherein he stated "that the time for the redemption of said real estate expired on July 1st, 1914," and that on November 1, 1914, he would present to the county treasurer his application for a deed. On the date last mentioned, Allen tendered his proofs and legal fees to the treasurer, but the latter declined to issue a tax deed for the reason that on August 8, 1914, after the first publication of said notice, one Borden, the owner of the land affected, had paid to him the full amount necessary to redeem said land from the tax sale, which amount the treasurer had accepted as a redemption from said sale. The question to be decided was, as stated in the opinion of Mr. Justice Beard, "whether in the circumstances the owner of the lot had the right to redeem from the sale after the expiration of three years from and after the date of the tax sale." It was held that the owner's right to redeem from the tax sale had not been cut off, and that the District Court had erred in entering judgment against the county treasurer.

Discussing the effect of Chapter 5, Laws of Wyoming 1893, the genesis of our present Section 2889, supra, as requiring an accurate statement of when the time for redemption should expire—that chapter for the first time in our law directing a notice to be given and prescribing such a statement to be set forth therein—the court remarked:

"The notice was required to state when the time of redemption would expire, that is, at the expiration of the two (later three) years after the date of sale, and if such notice was not given, or if the date of the expiration of the time for redemption was incorrectly stated in the notice it was invalid and did not extinguish the right of redemption and no tax deed could issue under the terms of the statute."

Specifically touching upon the consequences resulting from the change in the law accomplished by the amendment of 1901 (Laws of 1901, c. 16), being that part of § 2889 following the word "provided" and quoted above (excluding the final sentence of the quotation), it was further said in the opinion:

"The section was further amended in 1901, authorizing the purchaser or his assignee at any time within two years after the expiration of the period of redemption to give 'the notice provided for in this section,' in which he should set a date not less than three months nor more than five months after the date of the notice at which time he would apply for a tax deed. The notice provided in the section requires a definite statement of the time when the right to redeem will expire. It would be useless to serve notice that the time for redemption would expire at a certain date in the future if no such right existed. We are fully convinced that the purpose and intent of the lawmakers was not only to provide a way by which the holder of the certificate who had failed to give the required notice before the expiration of three years after the sale and thereby lost his right to demand a tax deed could still within two years thereafter give notice and secure such deed, but also at the same time and by the same enactment to extend the time for redemption so that the person entitled to make redemption could redeem at any time at or before the time set in the notice. And that we deem to be the legal effect of the statute as amended.

"* * * The purpose of notice in either event is to bring to the person entitled to redeem knowledge that the land has been sold for taxes and within what time the same may be redeemed from such sale."

And finally, Mr. Justice Potter significantly said, in denying a petition for rehearing which had been filed by one who desired to appear as *amicus curiae* in the case:

"The Legislature might have fixed the time for redemption by referring to the time of service of notice upon the owner. (Arthurs v. Smathers, 38 Pa. St. 40; 37 Cyc. 1396, 1397, and cases cited.) And by our statute providing for such notice the Legislature might properly have expressly declared that the right to redeem should continue until the date of the expiration of the time for redemption stated in the notice. Although the statute does not expressly so declare, we think it is implied, and that the statute is to be understood and construed as so providing. Such a statute should be liberally construed in the interest of the owner."

It is quite clear that this decision fully harmonizes with the current of authority referred to and quoted from above. It seems to us impossible to read the foregoing language excerpted from the opinion in the Burns case and not reach the conclusion that the court regarded the notice of application for tax deed there involved as wholly insufficient and void, as not properly stating when the time for redemption would expire. Such expressions as "the notice provided in the section requires a definite statement of the time when the right to redeem will expire," and "the purpose of notice * * * is to bring to the person entitled to redeem knowledge that the land has been sold for taxes and within what time the same may be redeemed from such sale," are explainable, so it seems to us, under no other view of the language used. Neither the notice in the Burns case nor that now before us accurately stated the time when the right to redeem would expire, or gave the party entitled to redeem information of the time within which he might make the payments necessary to save his land from the consequences of the tax sale.

The court plainly said, in the Burns decision, that Section 2889 declared in effect that "the right to redeem should continue until the date of the expiration of the time for

redemption stated in the notice." The dates of the expiration of the time for redemption stated in the notices given in both the Burns case and that at bar were fixed at only three years after the date of the tax sales. The designated dates in both cases when application would be made for a deed were each months after the three year periods thus given. Inasmuch as it was squarely held in the Burns case that the time for redemption did not expire until the date set in the published notice, at which time the owner of the certificate of purchase would apply for a deed, and the necessity for an accurate statement of the time when redemption could be made was repeatedly emphasized, it seems clear that both notices were fatally defective.

As we view it, any other conclusion would lead to the service and publication of tax notices which would be essentially confusing, misleading and deceptive to those entitled to redeem from tax sales. Take the notice in the case at bar, for instance. It told the owner of the right of redemption, first that "the statutory time for redemption of said lands expired on the 27th day of July, A. D. 1928;" it then stated that the owner of the certificate of purchase of the lands involved would, "on the 15th day of March, A. D. 1929,"—nearly nine months later—apply to the county treasurer for a tax deed. The first statement was untrue, in view of the last, under the decision in the Burns case, and would easily lead to a misunderstanding of the actual situation and consequent loss of valuable rights by those entitled under the law to redeem from the sale until the date set in the published notice on which the owner of the certificate of sale would apply for a tax deed.

It is urged for plaintiff in error, that the opinion in the Burns case recognized a distinction "between 'time' or 'period' of redemption on the one hand and 'right' to redeem on the other," as regards the statement to be incorporated in the notice of application for a tax deed to be served or published. But we are of the opinion that the phrase "when the time of redemption will expire," as used

in Section 2889, in prescribing one of the essential statements in the notice, is the equivalent in meaning of ''when the right to redeem will expire.'' We see no distinction between these two expressions and are unable to perceive that any was made in the previous opinion of this court under consideration.

Some other defects in the published notice in this case are suggested on behalf of the defendants in error, but in view of the conclusions we have reached as to the controlling effect of the decision in the Burns case on the sufficiency of the notice hereinabove reviewed, it is unnecessary to lengthen this opinion by discussing them at this time.

It results from what has been said that the judgment of the District Court of Campbell County was correct, and an order will be entered affirming it.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.