FOX, Justice.
[¶ 1] John R. Montierth filed suit in district court, seeking to quiet title to property he purchased at a tax sale. Deutsche Bank National Trust Company (Deutsche Bank), the mortgagee on the property and a defendant in the quiet title suit, filed counterclaims alleging that Mr. Montierth's tax deed was void. The district court entered summary judgment in favor of Deutsche Bank, concluding that the statutorily-required notice regarding redemption provided by Mr. Montierth to the property owner and to Deutsche Bank was deficient and that the tax deed was void. Mr. Montierth appeals. We affirm.
ISSUES
[¶ 2] We restate the issues as follows:
1. Did Deutsche Bank have standing to challenge Mr. Montierth's quiet title action?
2. Did the district court properly conclude that Mr. Montierth's tax deed is void?
3. Did the district court's reliance upon a document that was not contained in the record amount to reversible error?
4. Do the doctrines of laches and unclean hands apply to bar Deutsche Bank's argument that the tax deed is void?
5. Did the district court err when it concluded that Mr. Montierth could not recover on his common law unjust enrichment claim and when it declined to examine Mr. Montierth's statutory claims for reimbursement?
FACTS
[¶ 3] The facts in this case are undisputed. In June 2005, Kevin Alvesteffer borrowed $168,000 from Ameriquest Mortgage Company (Ameriquest) to purchase property in Green River, Wyoming. Ameriquest recorded a mortgage on the property and, in 2009, assigned the mortgage to Deutsche Bank. Property taxes on the property were not paid, which resulted in a tax delinquency and tax sale. John R. Montierth purchased the property at the tax sale for $977.83 in August 2007. On January 17, 2013, Mr. Montierth mailed the notice required under Wyo. Stat. Ann. § 39-13-108(e)(v)(B) to Mr. Alvesteffer and to Deutsche Bank, and beginning on January 18, 2013, he published a notice of his intent to apply for a tax deed for three days in the Rock Springs newspaper. Mr. Montierth never personally served Mr. Alvesteffer with the statutory notice.
[¶ 4] The January 17 notice letter stated:
Take notice that on May 2, 2013, per the Wyoming Statute, John R. Montierth will make application for a tax deed with respect to the following property in Sweetwater County, Wyoming:
EDGEWATER ADDN BLK 6 LOT 4.
On August 2, 2007, John R. Montierth purchased said real property for 2006 delinquent taxes. The street address is 1625 Colorado Cir., Green River, WY 82935. The property was taxed in the name of ALVESTEFFER, KEVIN J. The time for redemption of said property expired August 2, 2011 .[1 ]
*658 (Emphasis added.) Neither Mr. Alvesteffer nor Deutsche Bank responded to the notice or redeemed the property. On May 9, 2013, Sweetwater County issued a tax deed conveying the property to Mr. Montierth. The deed was recorded on May 14, 2013. After receiving the tax deed, Mr. Montierth invested a significant amount of money in the property to make it livable.
[¶ 5] Mr. Montierth filed this lawsuit against Mr. Alvesteffer and Deutsche Bank, seeking to quiet title to the property and void Deutsche Bank's mortgage lien. Mr. Alvesteffer failed to answer and the district court entered default judgment against him. Deutsche Bank asserted affirmative defenses and counterclaimed for declaratory relief, alleging that the tax deed was void because Mr. Montierth's notice was defective since it contained the wrong redemption date and was not properly served upon Mr. Alvesteffer. The parties filed cross-motions for summary judgment; the district court granted Deutsche Bank's motion for summary judgment and denied Mr. Montierth's motion. Mr. Montierth timely appeals.
STANDARD OF REVIEW
[¶ 6] We review the district court's entry of summary judgment as follows:
Summary judgment can be sustained only when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c) ; Felix Felicis, LLC v. Riva Ridge Owners Ass'n , 2016 WY 67, ¶ 29, 375 P.3d 769, 778 (Wyo. 2016). We review a grant of summary judgment deciding a question of law de novo. Id . We accord no deference to the district court on issues of law and may affirm the summary judgment on any legal grounds appearing in the record. Sky Harbor Air Serv., Inc. v. Cheyenne Reg'l Airport Bd. , 2016 WY 17, ¶ 40, 368 P.3d 264, 272 (Wyo. 2016).
Anadarko Land Corp. v. Family Tree Corp. , 2017 WY 24, ¶ 15, 389 P.3d 1218, 1223 (Wyo. 2017) (quoting Cheyenne Newspapers, Inc. v. City of Cheyenne , 2016 WY 125, ¶ 10, 386 P.3d 329, 333 (Wyo. 2016) ).
DISCUSSION
I. Did Deutsche Bank have standing to challenge Mr. Montierth's quiet title action?
[¶ 7] Mr. Montierth filed this action to quiet title based upon the tax deed and he named Deutsche Bank as a defendant. Deutsche Bank successfully argued to the district court that the tax deed is void for two reasons: first, the notice erroneously indicated that the time for redemption had passed, and second, the notice was not personally served on Mr. Alvesteffer, as required by statute. Mr. Montierth contends that even though it sued Deutsche Bank, the bank lacks standing to assert these arguments.
[¶ 8] Both parties cite White v. Woods , 2009 WY 29A, 208 P.3d 597 (Wyo. 2009) in support of their standing arguments. In White , we considered whether parties who claimed ownership of property by adverse possession had standing to challenge a tax deed. Id . at ¶ 20, 208 P.3d at 603. We explained "[t]he validity of a tax title or of a tax sale can be assailed only by one who can show that he or those under whom he claims had some title to or interest in the property at the time of the sale." Id . at ¶ 21, 208 P.3d at 603 (quoting Hudson v. Erickson , 67 Wyo. 167, 185-86, 216 P.2d 379, 385 (1950) ). In White , we relied upon federal law to describe standing requirements in Wyoming, and concluded that to have standing to challenge the validity of a tax deed, a party must establish that they suffered an injury in fact caused by the non-compliance with the statutes, and that a favorable decision from the court can redress the injury. Id . at ¶ 20, 208 P.3d at 608 (citing Lujan v. Defenders of Wildlife , 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ).
[¶ 9] We recently reiterated, however, that while we may find guidance in federal standing law, "our standing analysis should not be governed by federal law." Allred v. Bebout , 2018 WY 8, ¶ 35, 409 P.3d 260, 269 (Wyo. 2018). We apply the four-part test for standing adopted in Brimmer v. Thomson , 521 P.2d 574, 578 (Wyo. 1974) :
First, a justiciable controversy requires parties having existing and genuine, as *659 distinguished from theoretical, rights or interests. Second, the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument evoking a purely political, administrative, philosophical or academic conclusion. Third, it must be a controversy the judicial determination of which will have the force and effect of a final judgment in law or decree in equity upon the rights, status or other legal relationships of one or more of the real parties in interest, or, wanting these qualities be of such great and overriding public moment as to constitute the legal equivalent of all of them. Finally, the proceedings must be genuinely adversary in character and not a mere disputation, but advanced with sufficient militancy to engender a thorough research and analysis of the major issues. Any controversy lacking these elements becomes an exercise in academics and is not properly before the courts for solution.
Allred , 2018 WY 8, ¶ 37, 409 P.3d at 270 (quoting Brimmer , 521 P.2d at 578 ).
[¶ 10] We first apply these factors to Deutsche Bank's challenge to the validity of the notice provided by Mr. Montierth and find Deutsche Bank meets all the prongs of the Brimmer test. First, it has genuine, as opposed to theoretical, interests in the property. Deutsche Bank held a mortgage on the property and was thereby statutorily entitled to accurate notice regarding its right to redeem. Wyo. Stat. Ann. § 39-13-108(e)(v)(B)(III) (LexisNexis 2017). A mortgagee possesses a substantial property interest that is significantly affected by a tax sale. Mennonite Bd. of Missions v. Adams , 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983) (a tax sale can ultimately result in the loss of the mortgagee's interest because the purchaser acquires title free of all liens at the conclusion of the redemption period). Second and third, the controversy is one upon which the judgment of the court can effectively operate, and the determination of the controversy will have the force and effect of a final judgment on the parties. A declaration that the tax deed is void, the relief sought by Deutsche Bank, would extinguish Mr. Montierth's tax deed and would also result in the survival of Deutsche Bank's mortgage interest. Finally, these proceedings are genuinely adversary in character and not a mere disputation. Accordingly, Deutsche Bank has standing to assert its argument that the adequacy of the notice provided to it by Mr. Montierth rendered the tax deed void. See Porter v. Bankers Trust Co. of Cal., N.A. , 773 N.E.2d 901, 905 (Ind. Ct. App. 2002) (mortgagee had standing to move to set aside tax deed based upon improper notice to its predecessor).
[¶ 11] Although we need not find more than one basis for standing, the same rationale applies to Mr. Montierth's argument that the bank lacks standing to assert the failure of proper service on Mr. Alvesteffer. "[M]ost jurisdictions that have dealt with the question of insufficient or lack of notice to redeem from the sale or for the issuance or confirmation of a tax deed, have held ... that a lack of notice to one party may be taken advantage of by a party who did in fact receive notice of the sale...." Nora A. Uehlein, Right of interested party receiving due notice of tax sale or of right to redeem to assert failure of insufficiency of notice to other interested party , 45 A.L.R.4th 447, § 2[a] (1986, 2018 supp.) (citing cases).
II. Did the district court properly conclude that Mr. Montierth's tax deed is void?
[¶ 12] The primary issues in this appeal regarding the validity of the tax deed concern the extent to which Mr. Montierth complied with the notice requirements contained in Wyo. Stat. Ann. § 39-13-108(e)(v) prior to applying for the tax deed. That statute establishes procedures that tax deed purchasers must follow:
(A) The county treasurer shall accept applications and issue tax deeds for unredeemed real property subject to a certificate of purchase not less than four (4) nor more than (6) years from the date of the original sale for taxes to the person in whose name the certificate of purchase was delivered ..., return of the certificate of purchase, payment of fees and proof of compliance with the notice requirements *660 of this section to consist of the fact of personal service and the contents of the notice served in cases where personal service is made , or, in the case of service by publication, a sworn statement attached to a copy of the notice indicating the time of service by the publisher, manager or editor of the newspaper in which publication of notice was made.
(B) Holders of certificates of purchase of real property sold for delinquent taxes, including a holder's or county's assigns, upon application for a tax deed therefor shall furnish proof to the county treasurer:
(I) That at least three (3) months prior to the application a written or printed notice was served on each person in actual possession or occupancy of the real property and the person in whose name the property was taxed or assessed if upon diligent inquiry the persons can be found in the county; or
(II) If no person is in actual possession or occupancy of the property and if the person in whose name the property was taxed or assessed cannot be found in the county, that notice was published in a newspaper printed in the county, or if no newspaper is printed in the county, then in a newspaper printed in Wyoming nearest to the county seat of the county in which the property is located. The notice shall be published once a week for three (3) weeks, the first publication, not more than five (5) months and the last publication not less than three (3) months prior to the application; and
(III) That notice was sent by certified or registered mail to the record owner and mortgagees, if any, of the real property if their addresses are known or disclosed by the public records.
(C) Notices required by this paragraph shall contain the following:
(I) When the applicant purchased the real property;
(II) In whose name the real property was taxed;
(III) A description of the real property;
(IV) The year the property was taxed or assessed;
(V) When the time of redemption will expire ;
(VI) When application for a tax deed will be made;
(VII) The amount of any special assessments for local or public improvements.
Wyo. Stat. Ann. § 39-13-108(e)(v) (emphasis added).
[¶ 13] The district court concluded that the tax deed is void because the notice provided to Deutsche Bank erroneously indicated that the time for redemption had passed and because the notice was not personally served on Mr. Alvesteffer, as required by statute. Mr. Montierth argues that both conclusions were erroneous and that he is entitled to summary judgment on his action to quiet title. We first address Mr. Montierth's argument that the district court erroneously concluded that the notice provided to Deutsche Bank was insufficient, and that as a result, the tax deed is void. Because we conclude that the decision was correct, we do not reach the question of whether the district court erred in concluding that lack of service to Mr. Alvesteffer rendered the tax deed void.
[¶ 14] Mr. Montierth purchased the property at the tax sale on August 2, 2007, and on January 17, 2013, he provided notice to Mr. Alvesteffer and Deutsche Bank regarding redemption of the property. That notice stated that the "time for redemption of said property expired August 2, 2011." The district court concluded that the notice was deficient because the date for redemption should have been no earlier than May 2, 2013, the date upon which Mr. Montierth stated he would apply for the tax deed. Mr. Montierth claims that "it is not clear that [he] misstated the redemption deadline"; he argues that even if the statement was erroneous, it should not have misled Deutsche Bank, and, thus, substantial compliance with the statute should suffice. He urges us to overrule caselaw holding that when the improper redemption period is provided in the notice, tax deeds are void. We address each of these points below.
[¶ 15] In support of his argument that the redemption deadline was stated accurately in the notice, Mr. Montierth presented sworn *661 testimony from the Sweetwater County Treasurer indicating that as a matter of administrative procedure, the office interprets the time for redemption as four years. The treasurer stated that the county "has consistently asserted that the right of redemption expires after four years, even though in practice we will allow redemption of property until issuance of a tax deed." After a careful review of the applicable statutes, we conclude that the "practice" of the county-to allow redemption until the issuance of the tax deed-reflects the correct interpretation of the statutes.
[¶ 16] Wyo. Stat. Ann. § 39-13-109(e) (LexisNexis 2017) governs redemption of property sold for delinquent taxes:
(e) Redemption. The following shall apply:
(i) Real property sold for delinquent taxes may be redeemed by the legal owner after the date of sale but before a valid tax deed application has been filed and accepted by the county treasurer pursuant to W.S. 39-13-108(e)(v)(A), by paying to the county treasurer to be held subject to order of the holder of the certificate of purchase, the amounts provided by paragraph (iv) or (v) of this subsection....
(ii) A mortgagee of real property, or a purchaser of real property at a mortgage foreclosure sale, shall have the right to partially redeem a certificate of purchase as to that portion of real property in which the mortgagee or purchaser holds an interest. The procedure for partial redemption of certificates of purchase shall be the same as provided in paragraph (i) of this subsection....
(Emphasis added.) Wyo. Stat. Ann. § 39-13-108(e)(v)(A) provides that the "county treasurer shall accept applications and issue tax deeds for unredeemed real property subject to a certificate of purchase not less than four (4) nor more than six (6) years from the date of the original sale for taxes...."
[¶ 17] We construe statutes as a whole, "giving effect to every word, clause, and sentence, and we construe all parts of the statute in pari materia . When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction." Town of Pine Bluffs v. Eisele , 2017 WY 117, ¶ 9, 403 P.3d 126, 129 (Wyo. 2017) (citations omitted). When read together, the plain language of §§ 39-13-109(e) and 39-13-108(e)(v)(A) establishes that the tax purchaser has between four and six years from the date of the tax sale to file a tax deed application with the county treasurer, and the redemption period extends to the point in time when the tax purchaser files a valid tax deed application and that application is accepted by the county treasurer. Mr. Montierth stated that he intended to apply for a tax deed on May 2, 2013. Thus, in this case, the district court correctly concluded that Deutsche Bank had until at least May 2, 2013, to redeem the property.[2]
[¶ 18] We turn now to Mr. Montierth's second argument, that the erroneous redemption date contained in the notice should not have misled Deutsche Bank because it should have known that the deadline would expire upon the application for the tax deed. Mr. Montierth cites no caselaw or other authority indicating that the law governing tax deeds allows for constructive notice. Wyo. Stat. Ann. § 39-13-108(e)(v)(C)(V) requires that the notice provided from the tax sale purchaser include "[w]hen the time of redemption will expire." In two prior cases, on almost identical facts, we held that a notice to redeem from a tax sale "must ... set forth with clearness and accuracy the date when the right of redemption expires." State ex rel. Bishop v. Bramblette , 43 Wyo. 470, 5 P.2d 279, 281 (1931) (citation omitted); see also Burns v. State , 25 Wyo. 491, 173 P. 55 (1918). In both cases, the party seeking the tax deed provided notice that the redemption period had expired before the notice was given. Bishop , 5 P.2d at 280 ; Burns , 173 P. at 55. In both cases, we held the notice to be deficient and the tax deed void. Bishop , 5 P.2d at 282-83 ; Burns , 173 P. at 57.
*662 [¶ 19] Here, the notice Mr. Montierth provided to Mr. Alvesteffer and Deutsche Bank, that the "time for redemption of said property expired August 2, 2011," was not accurate. The date for redemption should have been no earlier than May 2, 2013, the date upon which Mr. Montierth stated he would apply for the tax deed. Rather than indicate in the notice that the redemption deadline coincided with the date he intended to file the tax deed application, Mr. Montierth notified Deutsche Bank that the redemption period had expired-inaccurately advising that it essentially had no right to redeem. Mr. Montierth accordingly failed to comply with the statutory requirement that he provide notice of the time the redemption period will expire, and, like the parties seeking tax deeds in Bishop and Burns , this defective notice renders the tax deed void.
[¶ 20] In his final argument, Mr. Montierth urges us to overrule Bishop and Burns and to adopt a rule of "substantial compliance" for statutory tax deed notice requirements. As a general rule, we have required "strict or complete" compliance with statutes governing notice of tax sales and notice of tax purchaser's intent to apply for a tax deed. Thompson-Green v. Estate of Drobish , 2006 WY 126, ¶ 16, 143 P.3d 897, 902-03 (Wyo. 2006). The underlying rationale for our continued insistence on strict compliance is that "[t]he purpose of notice ... is to bring the person entitled to redeem knowledge that the land has been sold for taxes and within what time the same may be redeemed from such sale." Bishop , 5 P.2d at 282. Accordingly, we construe the statutes "liberally" and "in the interest of the owner." Id. ; see also Hackett v. Linch , 57 Wyo. 289, 116 P.2d 868, 870 (1941). Davis v. Minnesota Baptist Convention , 45 Wyo. 148, 16 P.2d 48 (1932) exemplifies our strict application of the statutory requirements. There, we held that where notice of a tax sale had been published, but not posted on the courthouse door, as required by the statute at the time, and where notice was served on one of the property's occupants, but not on his wife, a co-occupant who was also entitled to notice, the tax title was invalid. Id . at 52-53.
[¶ 21] More recently in Thompson-Green , 2006 WY 126, ¶¶ 15-16, 143 P.3d at 902-03, we held that lack of notice to one co-owner rendered a tax deed void as to all co-owners, even when one of the co-owners was properly served.
The notice involved in the instant case "concerns such an important and irreversible prospect as the loss of a house." Jones [v. Flowers ], [547 U.S. 220, 230,] 126 S.Ct. [1708,] 1716[, 164 L.Ed.2d 415 (2006) ]. Recognizing the significance of such notice, we have in prior cases reviewed the circumstances for strict or complete compliance with the statutes governing notice of tax sales and notice of the tax purchaser's intent to apply for a tax deed. See , for example , Barrett v. Barrett , 46 Wyo. 84, 23 P.2d 857, 859 (1933) ; and Davis v. Minnesota Baptist Convention , 45 Wyo. 148, 16 P.2d 48, 50 (1932). The application of this principle is not, however, without its limitations. Barlow v. Lonabaugh , 61 Wyo. 118, 156 P.2d 289, 293-94 (1945)....
Id . at ¶ 16, 143 P.3d at 902-03.
[¶ 22] We have only departed from our principle of strict compliance in one instance. In Barlow v. Lonabaugh , 61 Wyo. 118, 156 P.2d 289 (1945), we held that the failure to formally serve notice of the time for redemption on property owners who had stated that they did not want to redeem the property and then quitclaimed their interest in the property to the county did not invalidate the tax deed. Id . at 293-94. There, the validity of the tax deed was challenged by holders of bonds issued pursuant to paving assessments upon which the landowners had defaulted. Id . at 290. The bondholders argued that because notice regarding the expiration of the redemption period was not provided to the property owners, the tax deed was void. Id . at 293. We recognized that the bondholders were not entitled to statutory notice and found that because they could not establish they were prejudiced by the failure to give formal notice to the property owners, "they have nothing of which they can complain." Id . at 294. We explained,
Technically, of course, there was not a compliance with the statute, and if technicalities must govern herein, then, of *663 course, the county did not acquire a proper tax title. It is generally held that statutory provisions prerequisite to a tax title must be literally, or at least substantially, complied with. That is because the law favors the owners. Still we can hardly believe that even in tax matters all rules of reason have ceased to exist.
Id. at 294.
[¶ 23] In this case, however, where Deutsche Bank was entitled to notice under the statute, we do not agree that "rules of reason" require anything other than strict compliance with our statutes. We therefore decline Mr. Montierth's invitation to overrule Bishop and Burns and to adopt a rule of "substantial compliance" in this case. As we concluded in the preceding paragraphs, the notice provided to Deutsche Bank failed to comply with Wyo. Stat. Ann. § 39-13-108(e)(v)(C)(V) because it erroneously indicated that the time to redeem had expired, when, in fact, there remained almost four months before the redemption deadline. The tax deed is accordingly void.
III. Did the district court's reliance upon a document that was not contained in the record amount to reversible error?
[¶ 24] Deutsche Bank missed the deadline for filing its response to Mr. Montierth's motion for summary judgment. The district court did not accept the response because the bank did not demonstrate excusable neglect in failing to adhere to the filing deadline. Mr. Montierth argues that the district court erred when it relied upon one of the documents attached to the response brief when it found that "Alvesteffer did not elect to set up an escrow account through which property taxes would be paid and he did not personally pay property taxes for the tax year 2006." We agree with Mr. Montierth that the document is not part of the record, and that it was an error for the district court to consider it. See Toltec Watershed Improvement Dist. v. Johnston , 717 P.2d 808, 812 (Wyo. 1986). However, the fact that Alvesteffer did not elect to set up an escrow account is not a material fact relevant to the issues in this appeal. The error was harmless and does not require reversal. W.R.A.P. 9.04 ("Any error ... which does not affect substantial rights shall be disregarded by the reviewing court."); Robertson v. State Highway Comm'n , 450 P.2d 1003, 1004-05 (Wyo. 1969).
IV. Do the doctrines of laches and unclean hands apply to bar Deutsche Bank's argument that the tax deed is void?
[¶ 25] Mr. Montierth next argues that the district court erred when it failed to consider laches and unclean hands, two affirmative defenses that he had asserted. Mr. Montierth also claims that the district court should have concluded that the doctrines of laches and unclean hands estopped Deutsche Bank from asserting that the tax deed was void.
[¶ 26] We first address Mr. Montierth's contention that the district court failed to consider his laches and unclean hands defenses. In its Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment, the district court ruled that: "The Court grants Defendant's motion for summary judgment. Plaintiff has not demonstrated the nonexistence of a genuine issue of material fact and his entitlement to judgment as a matter of law.... Plaintiff's motion [for summary judgment] is denied." The order did not specifically address laches or unclean hands. The court then went on to vacate the trial setting. Based upon these statements, we must conclude that the district court intended to resolve the entire matter and grant summary judgment in favor of Deutsche Bank.
We assume the district court had a reason for granting the motion for summary judgment and we would prefer that he had entered his reasons into the record. Absence from the record of a specific basis upon which summary judgment was sought or granted is a handicap to the reviewing court, although specific bases are not mandatory under the rule. Park County Implement Co. v. Craig , [ ] 397 P.2d 800, 801 [ (Wyo. 1964) ] ; Rule 56, W.R.C.P. We consider a motion for summary judgment as though originally before us because we are *664 presented with the same materials as the district judge. Meuse-Rhine-Ijssel Cattle Breeders of Canada Ltd. v. Y-Tex Corporation , [ ] 590 P.2d 1306 [ (Wyo. 1979) ].
Centrella v. Morris , 597 P.2d 958, 962 (Wyo. 1979). The record in Centrella disclosed "no specific basis upon which [the] appellee sought or was granted summary judgment." Id. at 961. Nevertheless, we recognized the district court's grant of summary judgment and considered the appeal as though the summary judgment motion was originally before us, as required by our standard of review. Id . at 962. In this case, while the district court did not explain its rejection of the laches and unclean hands defenses, we must conclude that it rejected those defenses when it granted Deutsche Bank's motion for summary judgment. We turn to Mr. Montierth's argument that the doctrines of laches and unclean hands bar Deutsche Bank's claim that the tax deed was void.
[¶ 27] Both laches and unclean hands are doctrines of equitable relief. "The defense of laches is a form of equitable estoppel based on a[n] unreasonable delay by a party in asserting a right. Laches does not depend on the passage of time alone; the plaintiff must be chargeable with lack of diligence in failing to proceed more promptly." Cathcart v. Meyer , 2004 WY 49, ¶ 13, 88 P.3d 1050, 1058 (Wyo. 2004) (citing Campbell Cty. Sch. Dist. v. Catchpole , 6 P.3d 1275, 1284 (Wyo. 2000) ). "A claim of laches is comprised of two elements-inexcusable delay and injury, prejudice, or disadvantage to the defendants or others." Dorsett v. Moore , 2003 WY 7, ¶ 9, 61 P.3d 1221, 1224 (Wyo. 2003). "The [equitable] doctrine of unclean hands is premised on the maxim that: 'He who comes into equity must come with clean hands' " and is "not generally favored by courts." Roussalis v. Apollo Elec. Co. , 979 P.2d 493, 496 (Wyo. 1999).
[¶ 28] Mr. Montierth premises his laches and unclean hands defenses on Deutsche Bank's failure to make tax payments on the property, its failure to foreclose on the mortgage when Mr. Alvesteffer was in default, and its failure to redeem the property after it received notice of Mr. Montierth's intent to apply for a tax deed. He argues that Deutsche Bank's delay in "exercising its remedies" reached "a point that is not only egregious, but is absolutely inexcusable" and "compel[s] summary judgment" in his favor.
[¶ 29] Mr. Montierth cites no authority that supports his argument that the failure to foreclose upon a mortgage or to pay property taxes somehow prevents the legal conclusion that a tax deed is void for lack of compliance with notice statutes. He also cites no authority that would compel a mortgagee to exercise its remedies where the notice provided states that the redemption period has terminated. Accordingly, we conclude that the district court did not err when it granted summary judgment in favor of Deutsche Bank over Mr. Montierth's laches and unclean hands affirmative defenses.
V. Did the district court err when it concluded that Mr. Montierth could not recover on his common law unjust enrichment claim and when it declined to examine Mr. Montierth's statutory claims for reimbursement?
[¶ 30] Mr. Montierth argues that the district court erred when it concluded that he was not entitled to recover on his affirmative defense of unjust enrichment and when it declined to rule on his argument that he is statutorily entitled to be repaid his investment in the property. See Wyo. Stat. Ann. §§ 39-13-109(e)(iv) & 1-32-207 (LexisNexis 2017). Deutsche Bank claims that Mr. Montierth has made no argument on appeal regarding his common law unjust enrichment defense and that the statutory reimbursement issue is not ripe for review.
[¶ 31] We first address the parties' contentions regarding the district court's conclusion that Mr. Montierth cannot recover for common law unjust enrichment. A careful reading of Mr. Montierth's brief reveals that Deutsche Bank is correct when it asserts that Mr. Montierth did not raise the issue in this appeal. Mr. Montierth makes only a passing reference to unjust enrichment:
Though the District Court examined [Mr. Montierth's] unjust enrichment claim, the District Court failed to examine the actual arguments made by [Mr. Montierth].
*665 Indeed, the District Court expressly declined to rule upon the actual argument made by [Mr. Montierth]. This was error, because it led the District Court to apply the wrong legal standard and examine the issue as one of quasi-contract rather than one of statute. [Mr. Montierth] never made a quasi-contractual argument.[3 ]
....
[Mr. Montierth], however, is entitled to be repaid the monies he invested if he loses his tax deed. Some of that entitlement is codified in Wyo. Stat. § 39-13-109(e)(iv). The remainder of that entitlement is codified in Wyo. Stat. § 1-32-207.
(Citations omitted.) Thus, we turn to Mr. Montierth's argument that he is statutorily entitled to reimbursement for investment he made in the property.
[¶ 32] Mr. Montierth argued that he is entitled to relief pursuant to Wyo. Stat. Ann. § 1-32-207 and § 39-13-109(e)(iv). The district court stated that it "will not opine whether other statutory remedies may be available to recoup some of [Mr. Montierth's] investment." We conclude that the district court was not wrong when it declined consideration of these provisions.
[¶ 33] Wyo. Stat. Ann. § 1-32-207 provides:
Conditions under which occupying claimant to be paid for improvements.
(a) A person in quiet possession of land or tenement who claims to own the land and who has obtained title to and is in possession of the land without fraud or collusion on his part, shall not be evicted or turned out of possession by any person who proves an adverse and better title until the occupying claimant or his heirs are fully paid the value of all lasting and valuable improvements made on the land by him or by the person under whom he holds, previous to receiving actual notice by the commencement of suit on the adverse claim under which eviction may be effected, unless the occupying claimant refuses to pay the person proving an adverse and better title the value of the land, without improvements made thereon, upon demand of the successful claimant or his heirs as hereinafter provided:
....
(iv) If he holds under a sale for taxes authorized by the laws of this state....
This statute provides for compensation when a party who claims superior title evicts another. At this point, in this litigation, Deutsche Bank has only sought a declaration that the tax deed is void. Deutsche Bank's interest in the property is as a mortgagee; it has not claimed title to the property and it has not sought to evict Mr. Montierth. Accordingly, any claim that he is entitled to relief under this provision by Mr. Montierth is premature and not ripe for our consideration.
*666 See , e.g. , Barlow Ranch, Ltd. P'ship v. Greencore Pipeline Co. LLC , 2013 WY 34, ¶ 102, 301 P.3d 75, 105 (Wyo. 2013) ; In re Kite Ranch, LLC , 2010 WY 83, ¶ 35, 234 P.3d 351, 364 (Wyo. 2010).
[¶ 34] The second statute relied upon by Mr. Montierth, Wyo. Stat. Ann. § 39-13-109(e)(iv), states:
(e) Redemption. The following shall apply:
....
(iv) A person redeeming real property from a person holding a certificate of purchase shall pay the following amounts, excluding attorney's fees, before being entitled to a certificate of redemption:
(A) The amount for which the property was sold at the tax sale, or in the case of a partial redemption, the amount allocated by the county assessor to the portion being redeemed, including the charges provided by W.S. 39-13-108(e)(ix)(A) and (B) plus:
(I) Three percent (3%); plus
(II) Interest at eight percent (8%) per annum since the date of sale except fifteen percent (15%) per annum on all property sold at date of 1982 tax sale and thereafter.
(B) The amount of taxes accruing since the date of sale plus eight percent (8%) per annum if the subsequent taxes were paid by the holder of the certificate of purchase dated before 1982 tax sale. Commencing at date of 1982 tax sale, interest on subsequent taxes if paid by the holder of the certificate of purchase shall be fifteen percent (15%) per annum;
(C) Actual expenses, not to exceed two hundred fifty dollars ($250.00) incurred by the holder of the certificate of purchase if redemption occurs after the holder has given notice of his intent to apply for a treasurer's deed, upon filing a sworn statement of the expense with the county treasurer.
[¶ 35] Mr. Montierth's argument that he is entitled to compensation under this provision is unripe as well. The tax deed is void. Thus, Deutsche Bank is not a "person redeeming real property" and the statute does not yet apply. If Deutsche Bank seeks to redeem the property, the question of entitlement to expenses under this statute would be ripe for review.
[¶ 36] Mr. Montierth's statutory claims for reimbursement are not ripe. The district court did not err when it determined it would "not opine" whether statutory remedies were available to Mr. Montierth to recoup some of his investment in the property.
CONCLUSION
[¶ 37] Deutsche Bank had standing to challenge the validity of Mr. Montierth's tax deed. Because Mr. Montierth failed to notify Deutsche Bank of the redemption period, the tax deed is void. Further, the district court's reference to a document that was not contained in the record was error, but did not amount to reversible error because that document was not relevant to the material facts in this case. The doctrines of laches and unclean hands do not bar Deutsche Bank's arguments regarding validity of the tax deed. Finally, Mr. Montierth's statutory claims for reimbursement are not ripe for review. We affirm.

The notice published in the Rock Springs Rocket-Miner similarly stated that "On August 2, 2007, John R. Montierth purchased the ... real property for 2006 delinquent taxes," and that "[t]he time for redemption of said property expired August 2, 2011."

In his notice, Mr. Montierth indicated that he would apply for the tax deed on May 2, 2013, but in his complaint, Mr. Montierth alleged that he applied for a tax deed on May 6, 2013, and that the deed was issued on May 9, 2013.

It is difficult to discern from Mr. Montierth's brief whether he is claiming that there is some other form of common law unjust enrichment that does not sound in quasi contract. However, if that is the case, we can put that notion to rest. Our caselaw applying unjust enrichment clarifies that the doctrine is one based upon quasi contract. See Landeis v. Nelson , 808 P.2d 216, 218-19 (Wyo. 1991) ("The words 'unjust enrichment' concisely state the necessary elements of an equitable action to recover money, property, etc., which 'good conscience' demands should be set over to the appellee by appellants pursuant to an implied contract between them."). Unjust enrichment is an equitable remedy existing in circumstances where there is no express contract between the parties. Schlinger v. McGhee , 2012 WY 7, ¶ 25, 268 P.3d 264, 272 (Wyo. 2012).
[T]he elements of unjust enrichment are: 1) valuable services were rendered; 2) to the party to be charged; 3) which services were accepted, used and enjoyed by the charged party; and 4) under circumstances that reasonably notified the party being charged that the other party would expect payment for the services.
Symons v. Heaton , 2014 WY 4, ¶ 15, 316 P.3d 1171, 1176 (Wyo. 2014) ; see also Elec. Wholesale Supply Co., Inc. v. Fraser , 2015 WY 105, ¶ 27, 356 P.3d 254, 261 (Wyo. 2015).
The district court concluded that because Mr. Montierth could not establish the fourth element, Deutsche Bank was entitled to summary judgment on Mr. Montierth's unjust enrichment claim. Other courts have reached the same conclusion regarding unjust enrichment claims where tax deed purchasers have performed improvements on property and were later found to hold an invalid deed. See , e.g. , SKL Invs., Inc. v. Hardin , 170 So.3d 588, 592 (Miss. Ct. App. 2014) ; Associated Estates, LLC v. Caldwell , 779 A.2d 939, 947 (D.C. 2001) ; Jacobsen v. Conlon , 14 Ill.App.3d 306, 302 N.E.2d 471, 473 (1973). Mr. Montierth has not appealed the district court's conclusion as to unjust enrichment and we will not address it further.